HEINZ BINDER (#87908)
ROBERT G. HARRIS (#124678)
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
Telephone: (408) 295-1700
Facsimile: (408) 295-1531

Attorneys for Oxana Wootton

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

In re

Alan T. And Wendy Lynn Wootton,

Debtors.

Case No. 09-57389 ASW
Chapter 13

Confirmation Hearing:

Date: November 2, 2009
Time: 11:00 a.m.
Place: Courtroom 3070
280 South First Street
San Jose, California

## OBJECTION TO CHAPTER 13 PLAN

Oxana Wootton, former spouse of debtor Alan T. Wootton, hereby objects to the Chapter 13 Plan filed by Chapter 13 debtors Alan T. And Wendy Lynn Wootton on the following grounds:

1. The plan has not been proposed in good faith as required by 11 U.S.C. section 1325(a)(3) inasmuch as debtor Alan T. Wootton has failed to comply with the terms of Family Court orders, disposed of and/or concealed assets in violation of those orders, seeks to discharge debt that is otherwise not dischargeable under the Bankruptcy Code and should not be entitled to seek relief before the bankruptcy court.

2. The petition was not filed in good faith as required by 11 U.S.C. section 1325(a)(3) inasmuch as the primary purpose of filing appears to have been to avoid the effect of the orders of the Family Court to have made various payments to Oxana Wootton from community assets that he was required to liquidate and instead retained and those assets converted to his own use.

**OBJECTION TO CHAPTER 13 PLAN** Page 1

3. The plan violates 11 U.S.C. section 1325(a)(8) inasmuch as debtor Alan T. Wootton has failed to pay since the filing of the bankruptcy petition herein all domestic support obligations owing pursuant to the November 9, 2007 Judgment for Dissolution from the Santa Clara County Superior Court and the related order for maintenance and child support.

4. The Plan violates 11 U.S.C. section 1325(a)(6) inasmuch as it provides for insufficient payments to permit the Debtors to pay all amounts due. Specifically, the Plan provides for 60 months of payments at $700 per month totaling $42,000. From this total interest, Chapter 13 trustee fees, and attorneys' fees must be deducted. Debtors' form B22C specifies at line 49 that only $544.53 will be paid on account of pre-petition priority claims such as child support and alimony. Oxana Wootton is owed $73,921.73 for unpaid child support and $7,737.76 in interest thereon which sums are domestic support obligations entitled to priority under 11 U.S.C. section 507(a)(1). These amounts are entitled to priority over all other payments. The plan therefore fails to provide an adequate means for the payment of the full domestic support obligation and is unconfirmable.

Dated: October 19, 2009　　　　　　　　　　　　BINDER & MALTER, LLP

By:　Robert G. Harris
　　　Robert G. Harris

Attorneys for Oxana Wootton