```
LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
THE FULLER LAW FIRM
60 No. Keeble Ave.
San Jose, CA 95126
Telephone:(408)295-5595
Facsimile:(408)295-9852

Attorney for Debtors
```

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | ) Case No.: 09-57389-ASW |
| | ) |
| ALAN T. WOOTTON | ) CHAPTER 13 |
| WENDY LYNN WOOTTON | ) |
| | ) **OPPOSITION TO MOTION TO DISMISS** |
| | ) |
| Debtors | ) Date: April 6, 2010 |
| | ) Time: 11:00 a.m. |
| | ) Place: Court 3020 |
| | )        280 So. First St. |
| _____ | )        San Jose, CA 95113 |

Come now debtors Alan Wootton and Wendy Wootton and oppose the motion brought by Movant Oxana Wootton to dismiss the herein case as being without merit. Movant incorrectly alleges that Debtor is $20,271.38 in post-petition arrears when in fact debtor is current.

Opposition to Motion to Dismiss- 1

Case: 09-57389    Doc# 26    Filed: 03/23/10    Entered: 03/23/10 11:56:53    Page 1 of 4

## I. DEBTOR IS POST-PETITION CURRENT ON HIS CHILD SUPPORT OBLIGATIONS

Debtor is obligated to pay $1,700/month in child support commencing Feb. 19, 2009. *See* Debtor's Declaration, Exhibit "B", Page 2, Lines 15-16. Since the filing of the petition on Aug. 31, 2009 through March 2010, seven payments or $11,900 have come due. Debtor has paid $11,900 in post-petition payments through March 2010 and hence is totally current. *See* Debtor's Declaration Exhibit "C". Movant's accounting as set forth in her declaration is simply wrong.

## II. DEBTOR IS POST-PETITION CURRENT IN HIS SPOUSAL SUPPORT OBLIGATION

The Family Court judgment provides that debtor pay $746.00 in spousal support commencing Sept. 1, 2007 and terminating on Jan. 31, 2010. *See* Debtor's Declaration, Exhibit "A", Page 10:9-18. Hence, from Aug. 31, 2009 through Jan. 31, 2010, 5 post-petition payments or $3,730 came due. Debtor has paid $3,730 in child support and has fully satisfied all post-petition spousal obligations for the case. Though these amounts were not timely paid, they were paid before this motion was filed and before Movant executed the declaration.

### III. THE AMOUNT OF ONGOING CHILDCARE HAS NOT BEEN DETERMINED. DEBTOR HAS PAID WHAT HE IN GOOD FAITH BELIEVES WILL BE OWED <u>PENDING FURTHER ORDER OF THE FAMILY COURT</u>

The Stipulation and order provides that debtor is to pay "…plus mandatory additional child support of 50% of the child care costs related to employment or reasonably necessary job training." *See* Debtor's Declaration, Exhibit "B", Page 2: 16-17. The order does not specify an amount. The Family Court will determine that amount in June 2010.

In the interim, Debtor surveyed various child care providers in the Almaden and Cupertino areas and used the child care cost for the provider with median cost. The median was $820/month. Then debtor added the actual amount of after- school-care of $590.00/month. Under this formula, $4,935 has come due post-petition:

$$[7 \text{ months} \times (820+590)]/2 = \$4,935$$

Debtor paid $4,935 in post-petition childcare and will reserve an additional $200/month should the Court decide that more is actually owed.

### IV. <u>CONCLUSION</u>

Debtor is totally current in post-petition child support, totally current in post-petition spousal support and has made a good faith effort in determining and paying his post-petition

child care.  As to child support and spousal support, the motion is without merit.  As to child care, the motion is not ripe.

WHEREFORE, Debtors pray that the motion be denied without prejudice.

Dated:    March 22, 2010

                                      THE FULLER LAW FIRM

                                      By: */s/ Lars T. Fuller*
                                            Lars T. Fuller
                                        Attorney for Debtors