HEINZ BINDER (#87908)
ROBERT G. HARRIS (#124678)
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
Telephone: (408) 295-1700
Facsimile: (408) 295-1531

Attorneys for Objecting Party Oxana Wootton

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

In re

Alan T. And Wendy Lynn Wootton,

Debtors.

Case No. 09-57389 ASW
Chapter 13

Confirmation Hearing:

Date: July 26, 2010
Time: 2:00 p.m.
Place: Courtroom 3070
280 South First Street
San Jose, California

## RESPONSE TO PRE-HEARING CONFERENCE STATEMENT

Oxana Wootton, former spouse of debtor Alan T. Wootton (the "Objecting Party"), hereby responds to the Pre-Hearing Conference Statement filed by Chapter 13 Plan filed by Chapter 13 debtors Alan T. and Wendy Lynn Wootton as follows:

A. <u>A Continuance Is Agreed, But A Deadline For Debtors To File Family Court Motions Must Be Set.</u>

Attorneys Robert Harris and Lars Fuller discussed the objection filed in this case on or about July 14, 2010. Counsel continued to agree that both the Objecting Party's objection and her motion to dismiss cannot be adjudicated until the Debtors bring their promised motion to seek modification of the support award of the Family Court on for hearing. Despite this Court's oral instruction to do so, no such motion has been filed or served.

The Objecting Party believes that the Family Court motion will seek to modify the amount of child care expenses previously ordered. The Objecting Party intends to

**SUPPLEMENT TO OBJECTION AND PRE-HEARING STATEMENT**          Page 1

contest the expected request for reduction.  However, until the motion is filed and served, it is impossible for the Court or the parties to speculate on how the current Chapter 13 plan and the pending objection based, in part, on arrears not being brought current will be affected.

The Objecting Party will agree to one final 60-day continuance of the hearing on its Motion To Dismiss as well as plan confirmation on condition that the Chapter 13 debtors file and serve any motion to modify which they plan to bring not later than August 26, 2010.  Should they fail to do so the Objecting Party will proceed with the hearing on her motion in September and ask that this Court, as a sanction, to disregard any assertion by the Chapter 13 Debtors that the Family Court may later issue a lower level of payment for child care expenses or that the orders issued may be interpreted to permit lower payments.

B.  <u>Post-Petition Support Is Once Again In Arrears</u>

Prior to the last hearing, the Chapter 13 debtors issued checks to bring post-petition support, excluding the disputed child care costs, current.  Unfortunately, the Chapter 13 debtors are once again delinquent on even their undisputed Family Support Obligations.  The arrears range from $2,757.50 to $5,660.  Should all payments not be brought current by August 1, 2010, the Objecting Party will file a motion for relief from stay to enforce post-petition FSO's.

C.  <u>The Chapter 13 Debtors Have Neglected To Address Numerous Aspects Of The Objection and Amendment Thereto.</u>

In their May 5, 2010 Supplement to Objection to Chapter 13 Plan and Pre-hearing Statement, the Objecting Party detailed her bad faith objection based upon perjury and false oath as to an asset owned by the Chapter 13 debtors.  That objection is not addressed in the Pre-Hearing Statement.  It is reproduced below:

1.  The Objecting Party has previously objected to the plan on the ground that it has not been proposed in good faith as required by 11 U.S.C. section

**SUPPLEMENT TO OBJECTION AND PRE-HEARING STATEMENT**  Page 2

1325(a)(3).  Bad faith is further evidenced by debtor Alan Wootton's material misconduct during this case: debtor Alan Wootton has perjured himself, failing to list valuable assets in his schedules and then denying their existence while under oath at his section 341 Meeting of Creditors.

2. Item 13 of the Schedule B listing personal property of the debtors requires a listing of "[s]tock and interests in incorporated and unincorporated businesses."  Mr. Wootton's sworn response was as follows: "JotPark, Inc., 40% interest (failed startup), San Jose, CA."

3. On Oct. 19, 2009, debtor Alan Wootton testified in response to questions by the Chapter 13 trustee about stock and options in PlayDom, Inc., the start-up company for which he presently works.  The following are quotes from the Section 341 Meeting of Creditors held that day:

> Q: With your current employer have you been granted any stock options or stock or any other non-cash benefits?
>
> A: No.
>
> Q: No to all three?
>
> A: I, no.  No bonuses.  I own no share of that company, I have no stock.

4. Only eight months before, Mr. Wootton was granted an option to purchase $125,000 shares of Playdom at the fair market value of the stock on the purchase date, which option was to vest over four years.  His signed February 11, 2009 Employment Agreement with PlayDom so states.  Mr. Wootton, on March 17, 2009, and March 4, 2010, executed documents entitled Playdom, Inc. Notice of Grant of Stock Option, each evidencing the vesting of a further 25% in the option granted upon his employment.  Mr. Wootton therefore made a false statement under oath in his Schedule B and perjured himself at the 341 Meeting.

5. The proceeds of this estate asset, which should be made available

**SUPPLEMENT TO OBJECTION AND PRE-HEARING STATEMENT** Page 3

for creditors, are not administered and distributed under the current Chapter 13 plan.

D. <u>The Objecting Party's Original Objections Remain Unmet</u>.

The Objecting Party on October 19, 2009, filed her Objection To Chapter 13 Plan asserting that the Plan did not comply with Bankruptcy Code section 1325(a)(3), 1325(a)(6), and 1325(a)(8). Those objections remain and are reasserted hereby.

WHEREFORE, the Objecting Party respectfully requests that the Court (a) order the Chapter 13 Debtors to file any motion to modify or clarify support obligations and child care expenses not later than August 26, 2010, and (b) continue the instant Pre-Hearing Conference to the first calendar available after September 26, 2010.

Dated: July 22, 2010          BINDER & MALTER, LLP

                              By: <u>Robert G. Harris</u>
                                  Robert G. Harris

                              Attorneys for Objecting Party Oxana Wootton

**SUPPLEMENT TO OBJECTION AND PRE-HEARING STATEMENT**          Page 4