CAMPEAU GOODSELL SMITH, L.C.
SCOTT L. GOODSELL, #122223
KARI L. SILVA, #257033
440 N. 1st Street, Suite 100
San Jose, California   95112
Telephone:  (408) 295-9555

Attorneys for Moving Party
Oxana Wootton

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

| | |
|---|---|
| In Re:<br><br>Alan T. and Wendy Lynn Wootton,<br><br>　　　　Debtors. | Case No: 09-57389 ASW<br><br>Chapter 13<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF A MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO LITIGATE THE TERMS OF SUPPORT IN THE SANTA CLARA SUPERIOR COURT, FAMILY DIVISION<br><br>[ No Date Set] |

   COME NOW, OXANNA WOOTTON, the former spouse of debtor Alan T. Wootton (the "Moving Party"), who submits the following memorandum of points and authorities in support of a motion for relief from the automatic stay to litigate the terms of outstanding support obligations and the support obligations due going forward and any outstanding dispute the parties may have in the Family Court of the Santa Clara Superior Court. This motion is made on the grounds that cause exists for an order granting relief from the automatic stay, and the Moving Party moves this Court for an

1

order granting relief from the automatic stay imposed by 11 U.S.C. § 362 (d)(1) and (2), upon the following grounds:

## I. Introduction

Debtor, Alan Wootton (hereinafter "Debtor") and Moving Party dissolved their marriage in 2007. (See Wootton Declaration ¶3) Upon dissolution of the marriage it was ordered and agreed that Debtor would make support payments of $4,990.00 per month. This payment includes $2,984.00 in child support, 50% of childcare costs or $1,260.00 and $746.00 in spousal support. (See Wootton Declaration ¶2). From February 2009 forward the parties stipulated that Debtor was to pay $3,706.00 per month in support payments, which includes $1,700.00 in child support, plus 50% of childcare expenses and $746.00 in spousal support. (See Wootton Declaration ¶3). Debtor now disagrees with the amount due for childcare expenses, but he has failed to file a motion to modify the court ordered payments. (See Wootton Declaration ¶5)

After the dissolution of marriage, Debtor sought employment with various start-up companies where he received stock options in lieu of monthly compensation. (See Wootton Declaration ¶4). During that time, Debtor became delinquent in his support obligations. (See Wootton Declaration ¶4). In February 2009, Debtor began work at PLAYDOM, Inc., where he earned a significant monthly salary, despite his increased salary Debtor continued to fall behind on his support payments. (See Wootton Declaration ¶4). On August 31, 2009, Debtor, Alan Wootton and his spouse Wendy Lynn Wootton, filed for Chapter 13 bankruptcy protection, case # 09-57389 in the Northern District of California. (See Wootton Declaration ¶4).

Moving party has filed multiple objections to Debtors Chapter 13 plan including a motion to dismiss the case or have it converted to a Chapter 7 based on Debtor's failure to stay current on his post-petition support payments. (See Wootton Declaration ¶5). Debtor has opposed the motion arguing he is current on the support obligations due to his good faith belief that less money is owed for

childcare. (See Wootton Declaration ¶5). Currently, there is a dispute on the actual childcare costs that must be paid by the Debtor and if an adjusted childcare costs will be applied retroactively. (See Wootton Declaration ¶6).

Moving Party requests an order for relief from the automatic stay to allow the Superior Court of California, San Jose Family Court the authority to determine what is owed by Debtor to the Moving Party, including but not limited to outstanding division of community property assets, outstanding support obligations and future support obligations.

## II. The Court Has Statutory and Inherent Authority to Grant the Requested Relief

The Court has statutory authority to grant the requested relief pursuant 362(d)(1) of the United States Bankruptcy Code, which states in relevant part, " the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay- (a) for cause." Further authority to grant the requested relief is found under Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Local Rule 4001-1, and 4001-3, of the United States Bankruptcy Court for the Northern District of California.

## III. The Court Should Grant the Requested Relief So Moving Party May Seek A Family Court Determination of What is Owed By the Debtor or Debtor's Estate

The Court should grant Oxana's motion because 1) There is an actual dispute to what Debtor is obligated to pay the Moving Party post-petition; 2) there is an actual dispute to what Debtor is obligated to pay the Moving Party pre-petition; 3) there may be some remaining set-off or other disputed issues; 4) lifting the automatic stay promotes judicial economy because adjudicating this matter in bankruptcy court would effectively relitigate the existing state court litigation; 5) the state court litigation can progress to relative conclusion in little time because the state court has already distributed the assets of the parties and made a determination of their rights; and 6) there are no threshold bankruptcy law issues which this court needs to resolve in advance.

//

3

### IV. **PRAYER**

For all of the foregoing reasons, Moving Party prays for the following:

1. For an Order that no stay is in effect or an order granting relief from the automatic stay of 11 U.S.C. §362(a) and relief from the waiting periods provided in B.R. 4001 (a)(3) as of the hearing date to allow Moving Party to immediately proceed in the Santa Clara Superior Court, Family Court division to determine the outstanding support and division of assets due to Moving Party;

2. That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

3. For such other and further relief as the court deems just and property.

Dated: September 10, 2010                                CAMPEAU GOODSELL SMITH

                                                           By: */s/: Kari L. Silva*
                                                                 Kari L. Silva
                                                                 Attorneys for Oxanna Wootton