CAMPEAU GOODSELL SMITH, L.C.
SCOTT L. GOODSELL, #122223
KARI L. SILVA, #257033
440 N. 1st Street, Suite 100
San Jose, California  95112
Telephone:  (408) 295-9555

ATTORNEYS FOR MOVING PARTY
OXANNA WOOTTON

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

In Re:

Alan T. and Wendy Lynn Wootton,

   Debtors.

Case No: 09-57389 ASW

Chapter 13

DECLARATION OF OXANNA WOOTTON IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO LITIGATE THE TERMS OF SUPPORT IN THE SANTA CLARA SUPERIOR COURT, FAMILY DIVISION

I Oxanna Wootton declare as follows:

1. Debtor, Alan Wootton (hereinafter "Debtor") and I dissolved our marriage in 2007.

2. Upon dissolution of our marriage, Debtor and I agreed via stipulation that was approved by the court that Debtor would pay me $4,990.00 per month in support payments.  The payment includes $2,984.00 in child support, 50% of childcare costs of $1,260.00 and $746.00 in spousal support. (See a true and correct copy of the settlement agreement and Court Order as

DECLARATION OF OXANNA WOOTTON
PAGE 1

Exhibit A).

3. On August 3, 2009, Debtor and I stipulated to modify the child support order. For the period of May 14 to July 2008 Debtor's support payments were reduced to $4,352.00 per month. For the period of July 28 to December 2008, Debtor support payments were reduced further to $4,024.00 per month. From February 19, 2009 on Debtor was to pay $3,706.00 per month in support payments which include $1,700.00 in child support, plus 50% of childcare expenses, this amount has not been modified by the court and continues to be $1,260, and $746.00 in spousal support payments. (See a true and correct copy of the amended settlement agreement as Exhibit B).

4. After the dissolution of our marriage, Debtor sought employment with various start-up companies where he received stock options in lieu of monthly compensation. During that time, Debtor became deliquent in his support obligations. In February 2009, Debtor began work at PLAYDOM, Inc., where he earns a significant salary, despite his salary Debtor continued to fall behind on his support payments. On August 31, 2009, Debtor and his spouse Wendy Lynn Wootton, filed for Chapter 13 bankruptcy protection, case # 09-57389 in the Northern District of California.

5. I filed multiple objections to Debtor's Chapter 13 plan my first objection was based on Debtor's bad faith filing of his Chapter 13 plan, including his failure to list all his assets and that his plan fails to pay all priority debt within the 60 month plan period. My last objection requested the case be converted to a Chapter 7 based on Debtor's failure to stay current on his post-petition support payments. Debtor opposed my motion arguing he was current on his support obligations due to his good faith belief that less money is owed for childcare. However, he has not moved for an order from the family court to resolve any of the outstanding support issues. (See a true and correct copy of Debtor's Declaration as Exhibit C).

6. Currently, there is a dispute on the actual childcare costs that must be paid by the Debtor and if an adjusted childcare costs will be applied retroactivly. Even with this dispute Debtor is in arrears on his support payments to me for at least $72,000.00.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed 9/10/10 day of September in San Jose, California.

By: _____
Oxana Wootton

DECLARATION OF OXANNA WOOTTON
PAGE 3