Lars T. Fuller (Bar No.141270)
Sam Taherian (Bar No. 170953)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, A 95126
Telephone: (408) 295-5595
Facsimile: (408) 295-9852

Attorney for Debtor(s)

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT CALIFORNIA

# SAN JOSE DIVISION

| In re:<br><br>ALAN T. WOOTTON<br><br>WENDY L. WOOTTON<br><br>Debtor(s) | Case No.: 09-57389-ASW<br><br>CHAPTER 13<br><br>PRE-HEARING CONFERENCE STATEMENT<br><br>Hearing Date: Nov. 2, 2010<br>Time: 2:00 PM<br>Courtroom: 3020<br>Judge: Hon. Weissbrodt |
|---|---|

COME NOW DEBTORS and pursuant to the Objection to Confirmation issued by Trustee and Oxana Wootton respond as follows:

1. <u>Date Objection Filed</u>:

   Trustee: October 15, 2009; November 16, 2009 (First-Amended); February 4, 2010 (Second-Amended)
   Oxana Wootton: October 19, 2009

2. <u>Date of Initial Conference and Subsequent Conf</u>.

   Trustee: None; debtors will comply
   Oxana Wootton: November 2009, December 2009, March 2010

3. <u>Statement of Legal and Factual Issue</u>

***Trustee.*** The Trustee objects to debtors' confirmation on the grounds that: (1) the Trustee requests the appropriate schedules to be amended and proper notice be given to Martin Hess; (2) Debtors' pro-tanto plan with a pot amount of $42,000.00 is not enough to cover secured and priority claims, attorney and Trustee fees.

As to point 1 of the Trustee's objection, Debtors amended their Schedule on March 17, 2010.

As to point 2 of the Trustee's objection, any possible plan inadequacy is directly caused by the priority claim of Ms. Oxana Wootton, who has filed a proof of claim for certain child support arrears. Debtor and counsel believe that the claimed amount is excessive. Debtor and counsel have examined payment documents, and it appears that the only remaining issue is child care payments allegedly due to Ms. Wootton.

The methodology to address this issue is discussed below.

***Oxana Wootton.*** Oxana Wootton, who is Alan Wootton's former wife, objects to debtors' confirmation on the grounds that: (1) the petition was not filed in good faith as the primary purpose of filing appears to have been to avoid the effect of the orders of the Family Court; (2) Debtor, Alan Wootton, has failed to pay since the filing of the bankruptcy petition the domestic support obligations owing pursuant to the November 9, 2007 Judgment for Dissolution from the Santa Clara County Superior Court; (3) the proposed plan is insufficient as to pay all amounts due to pre-petition priority claims.

As to point 1, Debtor categorically rejects the allegations. If the issue cannot be resolved through negotiations, Debtor will seek an evidentiary hearing on the issue.

As to points 1 and 2, the only factual question is amount due for child care. This issue has been resolved in the family court.

As to Point 3 above, the matter of pre-petition child support arrears is to be determined by the family Court. Debtor has an appointment to meet his family law counsel on Friday Oct. 22, 2010 to file the necessary motion in family court.

.

4. <u>Discovery</u>. Hopefully, the support arrears issues will be resolved in the family court. In such event discovery may nonetheless be necessary as to Point 1 of the Oxana Wooton objection.

5. <u>Request</u>. Debtors filed an adversary complaint to determine the extent of the Bankruptcy estate's interest in stock options. Until this issue is resolved, it will be difficult to confirm a plan.

Debtors request a 90 day continuance.

Dated: Oct. 19, 2010

                                        THE FULLER LAW FIRM, P.C.

                                        By: /s/ Sam Taherian
                                        SAM TAHERIAN
                                        Attorney for Debtor(s)