CAMPEAU GOODSELL SMITH, L.C.
SCOTT L. GOODSELL, 122223
KARI L. SILVA, #257033
440 N. 1st Street, Suite 100
San Jose, California 95112
Telephone: (408) 295-9555

ATTORNEYS FOR
Interested Party Oxana Wootton

UNITED STATES BANKRUPCTY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re:

Alan T. and Wendy Lynn Wootton

Debtors.

) CHAPTER 13
)
) Case No: 09-57389 ASW
)
) PRE-HEARING CONFERENCE
) STATEMENT
)
)
) Date:     November 2, 2010
) Time:     2:00 p.m.
) Location: United States Bankruptcy
)           Court, 280 South First St.,
)           San Jose, CA
)           Courtroom: 3020
) Judge:    Hon. Arthur Weissbrodt
)

CREDITOR, OXANA WOOTTON ("Wootton") as and for the Pre-hearing Conference Statement, states as follows:

I. <u>Status of Case and Response to Continuation</u>

Debtors Alan and Wendy Woottton ("Debtors") filed for bankruptcy protection on August 31, 2009. Debtors' petition claimed no secured claims; $27,000 in support obligations; $5,625 in tax obligations; and unsecured claims of $72,395.00. Debtors proposed plan is to pay creditors $42,000 based on $700 a month for 60 months.

Wootton, the former spouse of Alan Wootton ("Debtor"), filed a proof of claim for $102,659.00 of which $74,731 is entitled to priority as support arrears. Wootton objected to Debtors' plan

1

confirmation in October 2009, based on the fact that Debtor's Plan violates 11 U.S.C. 1325(a)(3) because the plan seeks to discharge otherwise non-dischargeable debt and the plan seeks to avoid a court order on division of community property assets. Wootton further objected to Debtors plan as it fails to meet the requirements of 11 U.S.C 1325(a)(6) inasmuch as the plan payments are insufficient to pay outstanding priority claims and therefore the plan cannot be confirmed. The Chapter 13 Trustee also objected to plan confirmation on the basis that the plan failed to offer plan payments sufficient to pay priority debts. Debtor stated over a year ago that he believes Wootton's proof of claim is excessive, but Debtor has taken no action to determine if the amount is accurate or not.

Wootton filed a motion for relief from stay to litigate the terms of support in the family court in September 2010 and the motion was heard before this Court on September 22, 2010. The motion was granted, but to date, Debtor's counsel, The Fuller Law Firm, has failed to sign the order granting the motion for relief from stay which is discussed in more detail below. As soon as the order is signed, Wootton will file a motion with the family court to establish the amount of funds owed to her and if needed will adjust the proof of claim to reflect the ruling of the family court.

Wootton has no objection to the continuation of the plan confirmation for 90 days, but seeks a deadline for Debtor to resolve the support issues.

II. Potential Contempt

**a. Hearing**

On September 22, 2010 at 2:15pm motions for relief from the automatic stay to [1] litigate the terms of support in thr Santa Clara Superior Court ("Motion 1") and [2] to impound and distribute the funds earned from the sale of Playdom Inc. Stock ("Motion 2") were heard on shortened notice before this court. The hearing was expedited based on Debtors receipt of $136,000 from the sale of their PLAYDOM Inc. stock. The stock was a contingent interest belonging to the bankruptcy estate under

2

Case: 09-57389  Doc# 51  Filed: 10/28/10  Entered: 10/28/10 19:41:15  Page 2 of 19
CREDITOR DIANA WOOTTON'S PRE-HEARING CONFERENCE STATEMENT

11 U.S.C §541 at the date of the bankruptcy filing, but was not listed in Debtors bankruptcy schedules. Wootton became aware that Debtors had received funds from the sale of the PLAYDOM Inc. stock and may have been using the proceeds that belong to the bankrutpcy estate to purchase luxury items. To prevent depletion of these funds Wootton requested the two motions to be heard on shortend time.

During the hearing the Court granted Motion 1 and the Court granted Motion 2 in part. In regards to Motion 2, the Court ruled that the funds could not be released to the Superior Court for distribution, but that the funds were to be immediately placed in trust.

**b. Debtors' attorney has failed to sign the proposed order**

On September 24, 2010, Wootton's counsel Campeau Goodsell Smith provided the Fuller Law Firm with an email version of the proposed order and a hard copy was mailed to their office on September 28, 2010. On September 30, 2010, Sam Taherian of the Fuller Law Firm objected to the order to the extent the proposed order called for <u>all</u> proceeds of the PLAYDOM Inc. stock to be placed in trust instead of the <u>remaining</u> proceeds. The objection was based on the Fuller Law Firms' recollection that the Court only ordered remaining funds to be placed in trust. There were no other objections to the proposed order.

A proposed order was filed with the Court with the stated objection of Debtor's counsel. The Court rejected the order, but indicated that Mr. Fuller of the Fuller Law Firm was to sign off on the order as per the minute order.

On October 6, 2010, Campeau Goodsell Smith provided the Fuller Law Firm with a fax correspondence requesting Mr. Fuller sign the proposed order as required by the Court. The proposed order was modified to show the funds received by Debtor based on his pay stub.

Subsequently, The Fuller Law Firm stated they would not sign the proposed order based on their initial objection and added a subsequent objection that signing the order would place their client in contempt. The objection letter also states that they have advised their client not to spend the funds.

(see Exhibit "A".)

Wootton's counsel ordered a CD of the court hearing held on September 22, 2010, and counsel confirmed that the Court clearly stated that ALL proceeds of the PLAYDOM Inc. stock are property of the bankruptcy estate and need to be placed in trust. On October 19, 2010, Campeau Goodsell Smith provided Mr. Fuller with a correspondence which provided a detailed description of the proceedings. The correspondence made a third request to sign the proposed order and requested a response by Friday October 22, 2010. (See Exhibit "B")

To date, Mr. Fuller has failed to respond to the October 19th correspondence or sign the proposed order. On October 25, 2010 Wootton again provided the Court with the proposed order for its signature.

**c. Funds have not been placed in trust**

Wootton has not been informed that the proceeds of the PLAYDOM Inc. stock have been placed in trust. Wootton contacted the Chapter 13 trustee who has confirmed that they have not received notice of the court hearing regarding the PLAYDOM Inc. proceeds and further they have not been notified by Debtor that the funds have been placed in trust. Based on current and past actions of the Debtors and their counsel Wootton is concerned that Debtors may continue to use estate funds to the detriment of all creditors, even after the Court has ruled that the funds are estate property and must be placed in trust until further order by this Court. Wootton seeks assurances that the funds will immediately be placed in trust and Debtors' counsel will approve the proposed order.

Dated: October 27, 2010               Respectfully Submitted,

                                      CAMPEAU GOODSELL SMITH

                                      By: /s/: Kari L. Silva
                                          Kari L. Silva
                                          Attorneys for Oxana Wootton

# EXHIBIT "A"

# FAX

| Date: | 10/12/2010 |
|---|---|

| Pages including cover sheet: | 3 |
|---|---|

| **To:** | Kari L. Silva, Esq. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| Phone | |
| Fax Number | +1 (408) 295-6606 |

| **From:** | Sam Taherian |
|---|---|
| | The Fuller Law Firm, PC |
| | 60 N. Keeble Avenue |
| | San Jose |
| | CA            95126 |
| | |
| Phone | (408) 295-5595 |
| Fax Number | (408) 295-9854 |

**NOTE:**

Please contact our office if you wish to receive a hard copy.

# The Fuller Law Firm

1440 Broadway Suite 313
Oakland, CA 94612
Tel. (510) 444-3613

60 No. Keeble Ave.
San Jose, CA 95126
Tel. (408)295-5595
Fax. (408)295-9852

9 W. Gabilan Ave. Suite 17
Salinas, CA 93901
Tel. (831) 758-6588

Please reply to our San Jose office

October 12, 2010

Kari L. Silva, Esq.
Campeau Goodsell Smith, L.C.
440 N. 1st Street, Suite 100
San Jose, California 95112

Via Facsimile to: 408-295-6606
Hard copy will not follow

    Re:    Debtor    :    Alan & Wendy Wootton
                                   6075 Paso Los Cerritos
                                   San Jose, Ca  95120
           Case No.   :    09-57389 ASW

Dear Ms. Silva:

    I am in receipt of your letter dated October 6, 2010.

    Regrettably, I cannot sign this order, for the following reasons:

1- The order, as drafted, contradicts the recollection of both my partner and I. Specifically, we both recall that the Hon. Judge Weissbrodt ordered that the unspent funds be placed in a trust account. He did not order that all funds be placed in a trust account.

2- This order, as drafted, would immediately place our client in contempt for acts that occurred prior to the hearing.

    I recommend resolution of this matter by either setting another hearing, or by obtaining a copy of the hearing record.

October 12, 2010
Kari L. Silva, Esq.
Campeau Goodsell Smith, L.C.
Page Two

Please let me know how you wish to proceed. In the meantime, our client has been advised to <u>not</u> spend the funds until further notice.

Sincerely yours,

/s/

Sam Taherian

# EXHIBIT "B"

LAW OFFICES
# CAMPEAU GOODSELL SMITH
A LAW CORPORATION
440 NORTH FIRST STREET
SAN JOSE, CALIFORNIA 95112
TELEPHONE: (408) 295-9555
FACSIMILE: (408) 295-6606

## FACSIMILE TRANSMISSION COVER SHEET

**TO:** Lars Fuller             **FROM:** ___ Scott L. Goodsell
                                          ___ Gregory Charles
**COMPANY/** The Fuller Law Firm          ___ William J. Healy
**FIRM:**                                 _X_ Kari Silva

**FAX NO.** (408) 295-9852

**DATE/TIME:** October 19, 2010           **OUR CLIENT:** Oxana Wootton

**NO. PAGES:** 8 + cover page             **MATTER:** Response to your objection to sign order

If you do not receive the correct number of pages, please call (408) 295-9555 as soon as possible.

Original _x_ will _ will not follow by mail.

**CONFIDENTIALITY NOTICE**
The papers accompanying this transmission may contain confidential information which is legally privileged. This information is intended only for the use of the recipient named above. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of any part of the information contained in this transmission is strictly prohibited. If you receive this transmission in error, please immediately notify us by telephone at our expense and return all papers to Campeau Goodsell Smith at the address shown above at our expense. Thank you.

LAW OFFICES
# CAMPEAU GOODSELL SMITH
A LAW CORPORATION
440 N. 1ST STREET, SUITE 100
SAN JOSE, CALIFORNIA 95112-4024
TELEPHONE: (408) 295-9555
FACSIMILE: (408) 295-6606

SCOTT L. GOODSELL
GREGORY J. CHARLES
WILLIAM J. HEALY
KARI L. SILVA

KENNETH J. CAMPEAU
OF COUNSEL

October 19, 2010

Lars Fuller
Fuller Law Firm
60 North Keeble Ave.
San Jose, CA 95126

Re: *In re Alan T. and Wendy Lynn Wootton, debtors*; 09-57389 ASW
Motion for relief from the automatic stay to [1] litigate the terms of support in the Santa Clara County Superior Court and [2] to impound and distribute the funds earned from the sale of Playdom Inc. stock

Dear Mr. Fuller:

On September 22, 2010, at 2:15pm before the Honorable Judge Weissbrodt two motions were heard regarding relief from the automatic stay to (1) Litigate the terms of support in the Santa Clara Superior Court Family Division and (2) To impound and distribute the funds earned from the sale of Playdom Inc stock. ("the motions")

Funds were received by your client Mr. Wootton ("Debtor") from the sale of Playdom Inc ("Playdom") stock. The Playdom stock options were not listed on Debtor's bankruptcy petition and Debtor stated at his 341 meeting of creditors that he had no contingent or other interest in Playdom Inc. ("Playdom").

Subsequently it came to the attention of Oxana Wootton ("Moving Party") that Debtor's Playdom stock was being purchased by Disney and Debtor would receive a windfall from the sale of his stock. Moving Party provided Debtor's family law attorney with a request that any funds received from the sale of the Playdom stock should be placed in trust with Debtor's family law attorney while the family law issues and bankruptcy issues could be resolve. There was no response to Moving Party's letter. Subsequently, Moving Party was informed via Facebook that Debtor had received the funds and they were being spent. Based on that knowledge Moving Party filed the motions on shortened time to prevent any further depletion of the funds.

In Re Wootton
October 19, 2010
Page 2

During the hearing on the motions, the court ruled that 100% of proceeds from the sale of the PLAYDOM Inc. ("Playdom") stock was property of the bankruptcy estate and must immediately be placed in trust. Since the court hearing, I have provided your office with a proposed order to sign on three occasions September 24, 2010, September 28, 2010 and October 6, 2010. Your office provided a written correspondence on September 30, 2010 refusing to sign the order based on you and your partner's recollection that the court did not order all funds to be placed in trust, only the unspent funds. I disagreed with your recollection of the hearing and an order was uploaded with the court. Additionally, the court was provided with your objection and my response. The Court rejected the order on October 5, 2010 with a notation that Mr. Fuller was to sign the order and a statement to see the minutes attached. On October 6, 2010, I provided your office with an additional request to sign the proposed order.

Apparently your firm is now refusing to sign the order based on two premises. [1] The recollection of both you and your partner that the Hon. Judge Weissbrodt ordered only the unspent funds of the Playdom Inc. stock ("Playdom") be placed in trust. [2] That signing the order immediately places your client in contempt.

1. **The Court Ordered All Proceeds Be Placed in Trust**

In response to your refusal to sign an order based only on your recollection that the court ordered only the unspent funds be placed in trust, I obtained the CD of the court proceedings to review what was actually said.

Your assertion is incorrect. The court ordered on multiple occasions that <u>all</u> the funds from the sale of the Playdom stock be placed in trust and further even Mr. Fuller agreed that all funds would be placed in trust. The court acknowledged that funds may have been spent, but ordered that all funds are property of the estate and should be turned over.

> Excerpts of the hearing state the following:
>
> 2:19:31- 2:19:51
> The Court: "The sale proceeds should be turned over now to the Chapter 13 trustee they those are estate property and he can't keep those. The sale proceeds which weren't listed on the schedules have to be turned over to the Chapter 13 trustee because they are property of the estate and then subject to further order of the court."
>
> 2:36:32- 2:37:00
> Mr. Fuller: "I was going to suggest and have spoke with counsel and she has concurred that the <u>entire funds</u> be placed into Mr. Wootton's state court's counsel

trust account ... which is Mr. Tamarin Adair with a provision that not more than 1/3rd may be used for estimated tax payments which would be required absent further order from this court or the state court." (Emphasis added).

2:40:35- 2:40:47
Ms. Silva: "We would also like to know the amount of the proceeds received."
The Court: "How much was received Mr. Taherian?"
Mr. Taherian: "I don't know"
The Court: "Well ask him, he is right here, ask him."
Mr. Taharian: "The dollar amount is $132,000 and that is before taxes."

2:41:22-2:42:06
The Court to Mr. Fuller: "Maybe with $135,000 it will work out okay but if you owe your wife $72,000 and you get $80,000 you cannot go out and buy yourself a new car. That is property of the estate IT IS ALL property of the estate so you have to be very careful what you are doing here and I don't know what his other liabilities are, but he shouldn't be advised that he can spend a nickel of this money even before today's hearing because it is property of the estate and so you came in here with no law but I don't think you are right on the law with what you said so it is a concern." (Emphasis added).

Clearly, based on the court hearing on this matter the court did not order that only the remaining funds be placed in the account, the court ordered all funds be immediately placed in trust and on multiple occasions stated that all the proceeds are property of the estate.

## 2. Signing the Motion will place your client in contempt

The order presented to your firm is based on what transpired during the hearing on this matter. The motion submitted by Moving Party requested all proceeds from the sale of Playdom stock be placed in trust and the motion was not limited to proceeds that were remaining. Your firm appeared with two attorneys and without drafting an opposition to Moving Party's motion. Your firm then made a suggestion to the court that the funds were not estate property, but you did not provide case law to support your position. Finally, even though the court hearing was lengthily, your firm did not argue and it was not agreed that anything less than all proceeds from the sale of the Playdom Stock shall be placed in the trust account.

Now, your firm is refusing to sign a court order since it will immediately place your client in contempt. Approving an order is not a time to stipulate to facts that were not heard before the court. The court ordered that the proceeds for the sale of the Playdom Inc. stock shall immediately be placed in trust. The order complies with the ruling of the court. Your argument

In Re Wootton
October 19, 2010
Page 4

that signing this order will immediately place your client in contempt is not a basis for failure to sign the order.

    Therefore, we request that you sign and provide our office with the proposed order by the end of the business day on Thursday October 21, 2010 or we will again be forced to upload the order to the court and provide the court with a copy of our correspondences.

    Additionally, Mr. Wootton through counsel stated before the court that he had received $132,000.00 in proceeds from the sale of the Playdom stock. Enclosed you will find Mr. Wottton's pay stub which shows he actually received $136,000.00 in proceeds from the sale of the Playdom stock. I previously provided you with an updated order including the full amount of proceeds that were received and have again provided an additional copy of the proposed order.

    Please contact me with any questions or concerns.

    Sincerely,

    Kari L. Silva
    Campeau Goodsell Smith

Enclosures: *Paystub showing distribution of stock;*
*Proposed Order*

**Earnings Statement**

Co. File #   Clock   Number
TGD 115447           00350032

Worked In Dept: 000003
Home Dept: 000003

Period End: 08/31/2010
Pay Date: 09/01/2010

*Playdom*

**Alan Wootton**
**6075 Paso Los**
**Cerritos**
**San Jose, CA 95120**

| Earnings | Code | Field # | Hours | Amount |
|---|---|---|---|---|
| | ISO - Disqualify Disp ISO | 3 | | 136,087.00 |
| **Gross Pay** | | | | **136,087.00** |

| Deductions | Statutory | | | Amount |
|---|---|---|---|---|
| | Other | | | Amount |
| | CK1 - Checking 1 | | | 132,004.39 |
| | K - Adp 401k$ | | | 4,082.61 |
| **Net Pay** | | | | **0.00** |

| Memos | Code | | | Amount |
|---|---|---|---|---|
| | J - Eligible Comp | | | 136,087.00 |

Print     Close

000005
Case: 09-57389   Doc# 51   Filed: 10/28/10   Entered: 10/28/10 19:41:15   Page 15 of 19

CAMPEAU GOODSELL SMITH, L.C.
SCOTT GOODSELL, #122223
KARI L. SILVA, #257033
440 N. 1st Street, Suite 100
San Jose, California 95112
Telephone: (408) 295-9555
sgoodsell@campeaulaw.com
ksilva@campeaulaw.com

ATTORNEYS FOR Interested Party
Oxana Wootton

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In Re:

Alan T. and Wendy Lynn Wootton

Debtors.

Case No: 09-57389 ASW

CHAPTER 13

**[PROPOSED] ORDER RE: MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO [1] LITIGATE THE TERMS OF SUPPORT IN THE SANTA CLARA SUPERIOR COURT FAMILY DIVISION AND [2] TO IMPOUND AND DISTRIBUTE THE FUNDS EARNED FROM THE SALE OF PLAYDOM, INC'S STOCK**

Date: September 22, 2010
Time: 2:15pm
Hon. Judge Weissbrodt

The motions of Oxana Wooton ("Creditor") for relief from the automatic stay [1] to litigate the terms of support in the Santa Clara Superior Court, Family Division (Motion 1) and [2] to allow Santa Clara Superior Court, Family Division the right to impound and distribute the funds earned from the

1

[PROPOSED] ORDER REGARDING MOTION FOR RELIEF FROM STAY TO [1] LITIGATE THE TERMS OF SUPPORT IN THE SANTA CLARA SUPERIOR COURT FAMILY DIVISION and [2] TO IMPOUND AND DISTRIBUTE THE FUNDS EARNED FROM THE SALE OF PLAYDOM,

Case: 09-57389    Doc# 51    Filed: 10/28/10    Entered: 10/28/10 19:41:15    Page 16 of 19

sale of PLAYDOM Inc.'s stock ("Motion 2") came on for hearing before the Honorable Judge Arthur Weissbrodt, United States Bankruptcy Judge on September 22, 2010 at 2:15pm.

It appearing that notice of the motions based on the circumstances was proper and sufficent, the Court having considered the papers submitted by the parties and oral arguments and for good cause appearing, IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1. Motion 1 is GRANTED, the parties may immediately litigate the terms and obligations relating to child and spousal support arrears, continued support obligations and determinations of division of community property assets and any other related issues in the Santa Clara Superior Court, Family Division relating to The Marriage of Wootton, 1-04-FL-123474.

2. That Motion 2 is GRANTED in that the $136,000.00 ("the funds") received from the sale of PLAYDOM Inc. stock will be immediately placed in Debtor's state courts counsel's trust account. The Chapter 13 Trustee and Creditor's attorney shall be notified in writing by Debtors attorney that the $136,000.00 has been placed in the stated account. The funds may not be released without a further order from this Court; and

3. Upon written approval by Creditor's attorney and the Chapter 13 Trustee and a further order by this Court, Debtor may use up to, but not exceeding, 30% of the funds in the trust account to pay taxes directly relating to the sale of the PLAYDOM Inc. stock. Debtor's attorney will upload the further order with the Court.

** END OF ORDER**

**APPROVED AS TO FORM:**

Dated: _____

                                            Lars Fuller,
                                            Fuller Law Group
                                            Attorneys for Debtors

2

[PROPOSED] ORDER REGARDING MOTION FOR RELIEF FROM STAY TO [1] LITIGATE THE TERMS OF SUPPORT IN THE SANTA CLARA SUPERIOR COURT FAMILY DIVISION and [2] TO IMPOUND AND DISTRIBUTE THE FUNDS EARNED FROM THE SALE OF PLAYDOM, INC.'s STOCK

Case: 09-57389   Doc# 51   Filed: 10/28/10   Entered: 10/28/10 19:41:15   Page 17 of 19

# COURT SERVICE LIST

Lars Fuller
The Fuller Law Group
60 N. Keeble Ave.
San Jose, CA 95126

Devin Derham-Burk
Chapter 13 Trustee
PO Box 50013
San Jose, CA 95150

U.S. Trustee
Office of the United States Trustee/San Jose
280 South First St., Number 268
San Jose, CA 95113-3003

3

[PROPOSED] ORDER REGARDING MOTION FOR RELIEF FROM STAY TO [1] LITIGATE THE TERMS OF SUPPORT IN THE SANTA CLARA SUPERIOR COURT FAMILY DIVISION and [2] TO IMPOUND AND DISTRIBUTE THE FUNDS EARNED FROM THE SALE OF PLAYDOM, INC.'s STOCK

```
TRANSMISSION VERIFICATION REPORT

                                              TIME  : 10/19/2010 17:08
                                              NAME  : CAMPEAU GOODSELL SMI
                                              FAX   : 4082956606
                                              TEL   : 4082959555
                                              SER.# : BROJ6J537208

DATE,TIME                    10/19  17:06
FAX NO./NAME                 2959852
DURATION                     00:01:25
PAGE(S)                      09
RESULT                       OK
MODE                         STANDARD
                             ECM
```

LAW OFFICES

# CAMPEAU GOODSELL SMITH

A LAW CORPORATION

440 NORTH FIRST STREET

SAN JOSE, CALIFORNIA 95112

TELEPHONE: (408) 295-9555

FACSIMILE: (408) 295-6606

## FACSIMILE TRANSMISSION COVER SHEET

| | | |
|---|---|---|
| **TO:** | Lars Fuller | **FROM:** __ Scott L. Goodsell<br>__ Gregory Charles<br>__ William J. Healy<br>X  Kari Silva |
| **COMPANY/FIRM:** | The Fuller Law Firm | |
| **FAX NO.** | (408) 295-9852 | |
| **DATE/TIME:** | October 19, 2010 | **OUR CLIENT:** Oxana Wootton |
| **NO. PAGES:** | 8 + cover page | **MATTER:** Response to your objection to sign order |

If you do not receive the correct number of pages, please call (408) 295-9555 as soon as possible.

Original  x  will  __ will not follow by mail.