**EXHIBIT D**

E-mail exchange regarding First 2004 Motion between Kari Silva and Brooke L. Miller, from March 22, 2011 to March 28, 2011

9

## Brooke L. Miller

| | |
|---|---|
| **From:** | "Brooke L. Miller" <brookelmiller@gmail.com> |
| **To:** | "Kari Silva" <ksilva@campeaulaw.com> |
| **Sent:** | Monday, March 28, 2011 4:59 PM |
| **Subject:** | Re: Wootton 2004 examination; Notice of Deposit |

Kari,

I am sorry that you believe I've made misrepresentations to you. You are wrong, of course. I told you my clients would be filing a 100% and that remains the intention. I have done nothing to make that statement false. I told you that I would be filing an objection to the Oxana Wootton POCs. That is all I've said and that too remains true. Perhaps you are again confusing the assurances you got from Sam with things I've said. If you would tone down your aggressive and unfounded rhetoric, I would certainly appreciate it and perhaps we can all move forward with this case in a more peaceable and productive manner.

Brooke L. Miller, Attorney
Miller Legal Services
(415) 810-8815
brookelmiller@gmail.com

----- Original Message -----
**From:** Kari Silva
**To:** 'Brooke L. Miller'
**Sent:** Monday, March 28, 2011 3:21 PM
**Subject:** RE: Wootton 2004 examination; Notice of Deposit

Brooke:

I believe your analysis of the law is incorrect. We are not requesting information related to your objection to our proof of claim or any documents relating to the state court action. We are requesting information about assets of the bankruptcy estate. As a creditor in this bankruptcy estate our client has a right to ensure that the Debtors are not hiding bankruptcy assets and are contributing all assets towards their bankruptcy plan. As a creditor, Oxana also has right to ensure that the Debtors are acting in good faith and are not making the bankruptcy process unduly burdensome. As I have previously mentioned, Alan has not acted in good faith. In addition he is making the confirmation process unduly burdensome.

Based on your last email it appears that you are now unwilling to stipulate to the 2004 examination. Based on your response, I have no choice but to resubmit my previous order to the court.

I am disappointed to see a troubling theme in dealing with your firm. It is now the second time I have had to expend extra legal time based on your misrepresentations. First, I was informed that your client would be proposing a 100% plan, when I sought extra information relating to that representation—you then informed me that your client would be objecting to our client's claim. Then, you stated only minor objections to our discovery request and stipulated to a production date and time only to later object to the whole examination. Your wavering back and forth only increases the time and cost of litigation. Your actions and the actions of Debtor's previous counsel are needlessly increasing the legal cost to our client. Our client is simply trying to recover outstanding support arrears owed to her in a timely fashion. As I have stated before, based on the actions throughout this bankruptcy process, we will seek to recover our attorney fees from your client.

Sincerely,

**Kari L. Silva, Esq.**
CAMPEAU GOODSELL SMITH, LC

440 North 1st Street, Ste. 100
San Jose, California 95112
Tel: 408.295.9555, ext. 103
Fax: 408.295.6606
ksilva@campeaulaw.com

PRIVILEGED AND CONFIDENTIAL: The information contained in this e-mail and any attached documents are confidential, and may be an attorney-client communication subject to the attorney-client or work product privilege. If you are not the intended recipient or the person responsible for delivering the message to the intended recipient, any review, disclosure, copying, distribution, or use of the contents of this e-mail or any attached document is strictly prohibited. If you have received this e-mail in error, please destroy it and notify the sender immediately by telephone (408.295.9555) or e-mail.

IRS CIRCULAR 230 NOTICE: Any tax advice given herein (and in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any matter or transaction addressed herein.

---

**From:** Brooke L. Miller [mailto:brookelmiller@gmail.com]
**Sent:** Sunday, March 27, 2011 6:26 PM
**To:** Kari Silva
**Cc:** Alan Wootton; Wendy L Wootton
**Subject:** Re: Wootton 2004 examination; Notice of Deposit

Hello Kari,

I have looked further into Rule 2004 and I now believe that scheduling a 2004 production and exam at this point would be improper. I don't know if you'd had a chance to read the pre-hearing conference statement I filed with the court last Tuesday but there you will see that I intend to file an objection to the two Oxana Wootton proofs of claim soon. I will not file an objection to POC 14 if you withdraw it, as I've shown you should do. I will be filing an objection to POC 13 and I hope to have it filed by the end of the week. As you know, the fishing expedition of Rule 2004 is not unlimited. Where there is a pending proceeding, especially one between the debtor and the requesting creditor, an exam under Rule 2004 is not allowed because 2004 allows from much more invasive discovery than the discovery rules applicable to pending proceedings, such as contested matters (which include objections to proofs of claim) or a pending state court action. Oxana Wootton has been granted leave to litigate the support obligations between her and Alan in state court. You have stated on two occasions that Oxana Wootton has a complaint for family court prepped and ready for filing. There is therefore a strong and imminent probability that one debtor and one creditor in this case will be in state court very soon. Because there will be a contested matter in this case within the week (and the possibility of a state court proceeding as well),scheduling a 2004 exam at this time is quite improper.

Kari, please find attached the notice I was to provide you regarding the deposit of the funds transferred from the Fuller Law Firm to Miller Legal Services. I received and deposited the funds on March 25, 2011.

Thank you,
Brooke L. Miller, Attorney
Miller Legal Services
(415) 810-8815
brookelmiller@gmail.com

----- Original Message -----
**From:** Kari Silva
**To:** 'Brooke L. Miller'
**Sent:** Friday, March 25, 2011 4:11 PM
**Subject:** RE: Wootton 2004 examination

Brooke:

I still have not received a response to the email I provided yesterday. I will be out of the office on Tuesday and Wedneday, so I would like to resolve any outstanding issues prior to that time.

If you still have concerns regarding the document requets, please let me know and we can work to resolve the issues.

Sincerely,

**Kari L. Silva, Esq.**
CAMPEAU GOODSELL SMITH, LC
440 North 1ˢᵗ Street, Ste. 100
San Jose, California 95112
Tel: 408.295.9555, ext. 103
Fax: 408.295.6606
ksilva@campeaulaw.com

PRIVILEGED AND CONFIDENTIAL: The information contained in this e-mail and any attached documents are confidential, and may be an attorney-client communication subject to the attorney-client or work product privilege. If you are not the intended recipient or the person responsible for delivering the message to the intended recipient, any review, disclosure, copying, distribution, or use of the contents of this e-mail or any attached document is strictly prohibited. If you have received this e-mail in error, please destroy it and notify the sender immediately by telephone (408.295.9555) or e-mail.

IRS CIRCULAR 230 NOTICE: Any tax advice given herein (and in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any matter or transaction addressed herein.

**From:** Brooke L. Miller [mailto:brookelmiller@gmail.com]
**Sent:** Thursday, March 24, 2011 12:59 PM
**To:** Kari Silva
**Subject:** Re: Wootton 2004 examination

Hi Kari,

My apologies for a delayed response...the rain has caused some minor flooding in my office/apartment

and I've been forced to deal with that issue.

With respect to the proposed stipulation, I have concerns that make me hesitate to agree to it. Specifically, Doc Request #5 is overbroad in my view. Why would you want/need all docs related to Alan's employment with Disney? It seems to me you'd like to know about his income from Disney and any stock he might have from it. But why would you need/want to know more than that?

#7 looks to be asking for information beyond the scope of the case. Per BK Code ss. 522 and 541, practically all retirement accounts are not property of the bankruptcy estate. My research tells me that retirement accounts are exempt from claims of BK creditors to the extent those accounts are non-taxable under various sections of the IRC. #7 as drafted is searching for information on property that Oxana Wootton, as a creditor, wouldn't be able to touch anyway. (Also, just a note: #7 appears to have a typo in it: "everyone" should be "every one"?)

I also have concerns over ##6 and 11. #6 is asking for all bank account records from 01/10 to date. #11 requests info regarding payments to professionals from May '09 to date. #11 is duplicative, at least in part, of #6. #6 would yield all bank account records and #11 would likely yield the same records to show payments to professionals. Also, #11 is unduly burdensome. In theory, if we produced bank account records to show payments to professionals, those records would show all payments, including those for support obligations. In #6, you ask for all bank records, which will probably show support payments and then, via #11, you seem to want us to redact the same records.

I would be willing to stipulate to the scheduling of doc production and the exam. But, as the doc requests are drafted presently, I would not be willing to stipulate to the entire package.

I appreciate your consideration with regard to the start time of the exam; 10am is fine with me.

Many thanks,
Brooke L. Miller, Attorney
Miller Legal Services
(415) 810-8815
brookelmiller@gmail.com

----- Original Message -----
**From:** Kari Silva
**To:** brookelmiller@gmail.com
**Sent:** Thursday, March 24, 2011 10:28 AM
**Subject:** RE: Wootton 2004 examination

Here is the corrected version.

**From:** brookelmiller@gmail.com [mailto:brookelmiller@gmail.com]
**Sent:** Wednesday, March 23, 2011 5:04 PM
**To:** Kari Silva
**Subject:** Re: Wootton 2004 examination

Hi Kari,
I'm still reviewing the stipulation. Just wanted to let you know quickly that the signature line you've included for me says "Charles Green" as opposed to "Miller Legal Services."
Thanks,
Brooke

Sent from my BlackBerry® smartphone, powered by CREDO Mobile.

**From:** "Kari Silva" <ksilva@campeaulaw.com>
**Date:** Wed, 23 Mar 2011 15:23:57 -0700
**To:** 'Brooke L. Miller'<brookelmiller@gmail.com>
**Subject:** RE: Wootton 2004 examination

Brooke:

Attached is the stipulation we discussed. Please review the order and if acceptable then sign the stipulation. If you have concerns regarding the terms in the order, please contact me and we can work to alleviate those concerns.

I have requested the documents by 10:00am on April 22, to allow time for me to review and have the necessary documents copied before the weekend.

I also modified the start time of the deposition to 10am, to accommodate your commute from San Francisco. If you prefer we can have the deposition begin at 10:30am if that is more convenient.

Sincerely,

**Kari L. Silva, Esq.**
CAMPEAU GOODSELL SMITH, LC
440 North 1st Street, Ste. 100
San Jose, California 95112
Tel: 408.295.9555, ext. 103
Fax: 408.295.6606
ksilva@campeaulaw.com

PRIVILEGED AND CONFIDENTIAL: The information contained in this e-mail and any attached documents are confidential, and may be an attorney-client communication subject to the attorney-client or work product privilege. If you are not the intended recipient or the person responsible for delivering the message to the intended recipient, any review, disclosure, copying, distribution, or use of the contents of this e-mail or any attached document is strictly prohibited. If you have received this e-mail in error, please destroy it and notify the sender immediately by telephone (408.295.9555) or e-mail.

IRS CIRCULAR 230 NOTICE: Any tax advice given herein (and in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any matter or transaction addressed herein.

**From:** Brooke L. Miller [mailto:brookelmiller@gmail.com]
**Sent:** Wednesday, March 23, 2011 10:44 AM
**To:** Kari Silva
**Subject:** Fw: Wootton 2004 examination

Good morning Kari,

My apologies but I realized last night that I have a scheduling conflict around the end of April. I will be out of town for a wedding from 4/29 to 5/2. Because of this conflict, I propose the following schedule for the 2004 production and exam:

-Production of documents due April 22nd;

-Examination of Alan Wootton to start on April 27th and continue day to day until completed except that no exam will take place on April 29 or May 2.

We will need to also work out payment for making copies of documents that are ultimately produced.

Thanks,
Brooke L. Miller, Attorney
Miller Legal Services
(415) 810-8815
brookelmiller@gmail.com

----- Original Message -----
**From:** Brooke L. Miller
**To:** Kari Silva
**Sent:** Tuesday, March 22, 2011 3:36 PM
**Subject:** Re: Wootton 2004 examination

Kari,

Just a quick note: I'm working on an upcoming deadline presently. I'll reply by tomorrow.

Have a good day,
Brooke L. Miller, Attorney
Miller Legal Services
(415) 810-8815
brookelmiller@gmail.com

----- Original Message -----
**From:** Kari Silva
**To:** 'Brooke L. Miller'
**Sent:** Tuesday, March 22, 2011 12:26 PM
**Subject:** RE: Wootton 2004 examination

Brooke:

As a reminder of this conversation, I left you a voicemail with the April 21, 2011 date on or about March 9, 2010. I then contacted you directly on that same date and we spoke directly via phone. During that phone conversation, I corrected the previous date and I informed you that we would actually like to conduct the deposition on April 15, 2011 as that date was better for our clients. You had no objection to that date, but instead asked if we could avoid the examination. As I mentioned on the phone that day, if we were able to settle our outstanding issues then a 2004 examination would not be required, but otherwise we believe the 2004 exam is necessary.

I can understand why the April 15, 2011 date is now too early, but our conversation was held before I filed the motion on March 11, 2011 and at that time you had no objections and the date was out more than 30 days. I will amend the motion to conform with the April 29th date.

It is generally easier, if the attorneys will stipulate to the examination. Is that something you are will to

do? If so, I will provide you a stipulation to review later this afternoon.

Sincerely,

Kari L. Silva, Esq.
CAMPEAU GOODSELL SMITH, LC
440 North 1st Street, Ste. 100
San Jose, California 95112
Tel: 408.295.9555, ext. 103
Fax: 408.295.6606
ksilva@campeaulaw.com

PRIVILEGED AND CONFIDENTIAL: The information contained in this e-mail and any attached documents are confidential, and may be an attorney-client communication subject to the attorney-client or work product privilege. If you are not the intended recipient or the person responsible for delivering the message to the intended recipient, any review, disclosure, copying, distribution, or use of the contents of this e-mail or any attached document is strictly prohibited. If you have received this e-mail in error, please destroy it and notify the sender immediately by telephone (408.295.9555) or e-mail.

IRS CIRCULAR 230 NOTICE: Any tax advice given herein (and in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any matter or transaction addressed herein.

**From:** Brooke L. Miller [mailto:brookelmiller@gmail.com]
**Sent:** Tuesday, March 22, 2011 12:04 PM
**To:** Kari Silva
**Subject:** Re: Wootton 2004 examination

Kari,

In fact, when you called to inform me of your 2004 motion, the only date you told me about was April 21, 2011. I was dismayed to read in your 2004 motion that you believed I did not have any problem with April 15th. April 15th is too early and not a date that has been previously discussed between you and me. An examination date of April 29th, with a production date of April 25th, is acceptable. That said, I anticipate that the need for the 2004 examination will be eliminated soon via, as I have said to you a few times in the past, the amended plan and schedules I intend to file.

I respectfully request that you cease assuming anything when it comes to me.

Many thanks,
Brooke L. Miller, Attorney
Miller Legal Services
(415) 810-8815
brookelmiller@gmail.com

---- Original Message ----
**From:** Kari Silva
**To:** brookelmiller@gmail.com

**Sent:** Tuesday, March 22, 2011 11:33 AM
**Subject:** Wootton 2004 examination

Brooke:

I have filed the motion for a 2004 examination and the judge requested that I confirm the date of the examination with you. Previously, I contacted you and you did not have any objection to conducting the examination on April 15, 2011. I do need to confirm that producing documents by April 11, 2011 is acceptable. If those dates are no longer acceptable I have the following dates available.

April 27, 2011 produce documents by April 22, 2011
April 28, 2011 produce documents by April 22, 2011
April 29, 2011 produce documents by April 25, 2011.

Please provide an available date by the end of the day today. If I do not hear from by tomorrow at noon, I will file the amended request for the 2004 examination with a date of April 27, 2011 and a production date of April 22, 2011 with the assumption that your lack of response indicates that you do not have an objection to that date.

In regards to the removal of our objection, I have been informed by my client that there is an issue with post bankruptcy support obligations and the issue is being reviewed by Oxana's family law attorney. If it is confirmed that Alan is current on his support obligations we will remove the objection, but will renew our other objections.

Sincerely,

**Kari L. Silva, Esq.**
CAMPEAU GOODSELL SMITH, LC

440 North 1st Street, Ste. 100
San Jose, California 95112
Tel: 408.295.9555, ext. 103
Fax: 408.295.6606
ksilva@campeaulaw.com

PRIVILEGED AND CONFIDENTIAL: The information contained in this e-mail and any attached documents are confidential, and may be an attorney-client communication subject to the attorney-client or work product privilege. If you are not the intended recipient or the person responsible for delivering the message to the intended recipient, any review, disclosure, copying, distribution, or use of the contents of this e-mail or any attached document is strictly prohibited. If you have received this e-mail in error, please destroy it and notify the sender immediately by telephone (408.295.9555) or e-mail.

IRS CIRCULAR 230 NOTICE: Any tax advice given herein (and in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any matter or transaction addressed herein.