Exhibit A
Proof of Claim 13, as amended on April 15, 2011
7 pages

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT — Northern District of California | PROOF OF CLAIM |
|---|---|

Name of Debtor: Alan T. Wootton
Case Number: 09-57389-ASW

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Oxana G. Wootton

Name and address where notices should be sent:

Oxana G. Wootton
5847 Randleswood Ct, San Jose CA 95129

Telephone number:
(408) 608-8254

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 105,295.53

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** Domestic support/judgmnt
   (See instruction #2 on reverse side.)
3. **Last four digits of any number by which creditor identifies debtor:** _____

   3a. Debtor may have scheduled account as: _____
       (See instruction #3a on reverse side.)
4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe:

   Value of Property: $_____   Annual Interest Rate ___%

   Amount of arrearage and other charges as of time case filed included in secured claim,
   if any: $_____   Basis for perfection: _____

   Amount of Secured Claim: $_____   Amount Unsecured: $_____

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☑ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$ 77,402.98

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: 04/15/2011

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Oxana Wootton  /s/ Oxana W.

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

---

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## Summary

Debts owed by Alan T. Wootton to Oxana G. Wootton, from 11/1/2007 through Mr. Wootton's Chapter 13 filing on 8/31/2009:

Priority claims (under 11 U.S.C. §507(a)):

| | |
|---|---:|
| 1. Unpaid child support, court-ordered child care expenses, and spousal support: | $70,846.23 |
| 2. Interest on unpaid support obligations: | $6,556.75 |
| Total priority claims: | $77,402.98 |

Non-priority claims:

| | |
|---|---:|
| 3. Court-ordered equalization payment from divorce judgment, plus interest: | $21,708.22 |
| 4. Court-ordered split of 401K plans from divorce judgment: | $6,184.33 |
| Total non-priority claims: | $27,892.55 |
| Total of all pre-petition claims: | $105,295.53 |

**Facts in support of claims #1 and #2: Unpaid child support, court-ordered child care expenses, and spousal support, and accrued interest thereon.**

- Alan T. Wootton and Oxana Wootton were divorced on December 31, 2007, via a Stipulated Judgment endorsed on November 9, 2007. The judgment document is attached hereto as Addendum 1 "Stipulated Judgment."

- The Stipulated Judgment specifies that commencing September 1, 2007 Mr. Wootton will pay Ms. Wootton the following monthly sums:

    - CA Guideline child support for 3 minor children: $2,984 [Addendum 1, page 4, line 18]

    - 50% of child care costs: $1,260 [Addendum 1, page 4, line 22]

    - Spousal support: $746 [Addendum 1, page 10, line 9]

    - Total monthly support payments: $4,990.00

- The monthly sums payable to Ms. Wootton as specified in the Stipulated Judgment were in force from September 1, 2007 through May 14, 2008.

- On August 3, 2009, Mr. and Ms. Wootton stipulated to a modification of child support. Their stipulation and order is attached hereto as Addendum 2 "Stipulation To Modify Child Support; Order." The new order specifies:

    - For the period of May 14 to July 27, 2008, Mr. Wootton will pay Ms. Wootton $3,606 per month for child support and child care expenses [Addendum 2, page 2, line 6]. Spousal support was not altered, and remained at $746 per month. The total monthly payments to Ms. Wootton were then $4,352 per month.

    - For the period of July 28 through December 5, 2008, Mr. Wootton will pay Ms. Wootton $3,278 per month for child support and child care expenses [Addendum 2, page 2, line 9]. Spousal support was not altered, and remained at $746 per month. The total monthly payments to Ms. Wootton were then $4,024 per month.

    - For the period of December 6, 2008, through February 18, 2009, Mr. Wootton reserves the right to petition the court to modify child support to zero. To date, he has not done so.

    - Commencing February 19, 2009 Mr. Wootton will pay Ms. Wootton $1700 per month for "base child support" plus "mandatory additional child support of 50% of the child-care costs related to employment or reasonably necessary job training." [Addendum 2, page 2, line 15] The child care costs remained at $1,260; Spousal support remained at $746 per month. The total monthly payments to Ms. Wootton were then $3,706.

- In an addition to monthly family support obligations, the Stipulated Judgment also requires Mr. Wootton to pay one-half of the child care costs for the Wootton's oldest daughter Alexandra during summertime school recesses [Addendum 1, page 4, line 26].

- The State of California requires the charging of 10% per annum simple interest on unpaid family support obligations [California Code of Civil Procedure Section 685.010].

- Using the facts given above, a spreadsheet was developed to track Mr. Wootton's obligations and payments. The spreadsheet is attached hereto as Addendum 3 "Support Spreadsheet." The spreadsheet calculates that on August 31, 2009, Mr. Wootton owed Ms. Wootton $70,846.23 in back support payments, and $6,556.75 in interest for a total of $77,402.97.

**Facts in support of claim #3: Court-ordered equalization payment from divorce judgment.**

- In the above-mentioned Stipulated Judgment, Mr. Wootton agreed to pay Ms. Wootton "the sum of $65,944.00 as an equalization payment." [Addendum 1, page 9, lines 14-17]. This payment was never made.

- In Attachment "E" of the same agreement, Ms. Wootton agreed to sell Mr. Wootton's community interest in her Ebay stock options and pay him the proceeds. This Attachment "E" is attached hereto as Addendum 4. The attachment specifies that Mr. Wootton will notify Ms. Wootton when he desires her to exercise these stock options [Addendum 4, page 2, line 5].

- Addendum 4 also states "Each party who receives any shares of stock or the proceeds from sale of such stock shall be solely liable and forever hold the other free and harmless from any liability for and fully indemnify the other for any taxes, federal or state, that are attributable to the exercise of options or sale of stocks." [Addendum 4, page 3, lines 9-12].

- At Mr. Wootton's request, on March 12, 2008, Ms. Wootton exercised and sold Mr. Wootton's portion of her Ebay stock options. The net proceeds of the sale were $85,602.53. A total of $6,466.19 in taxes was withheld on one gain of $15,125.60 in NonQual stock options. This sale is documented in an E-Trade brokerage statement, attached hereto as Addendum 5.

- Because the options were exercised and the resulting shares sold on the same day, Ms. Wootton was forced by IRS rules to report the gains on these sales on her 2008 tax returns. This resulted in an additional tax bill for federal and state taxes of $37,299.00. A report prepared by Ms. Wootton's accountant, detailing the extra taxes is attached hereto as Addendum 6.

- Because Mr. Wootton had not made the court-ordered equalization payment within the time frame specified by the Stipulated Judgment, Ms. Wootton retained the proceeds from the Ebay stock sales, and now credits Mr. Wootton with those proceeds, minus the additional taxes.

- The above facts are summarized in a spreadsheet attached hereto as Addendum 7. The spreadsheet shows that after the stock sales are credited to Mr. Wootton, he owes Ms. Wootton $17,570.47.

- Because this debt is an unpaid judgment, 10% simple interest was added in the amount of $4,137.75. The second spreadsheet of Addendum 7 shows how this amount was calculated.

**Facts in support of claim #4: Court-ordered split of 401K plans from divorce judgment.**

- The Stipulated Judgment specifies that "The community interest in any and all retirement, deferred compensation and pension plans is to be divided equally between the parties." [Addendum 1, page 7, lines 8-9]. Mr. Wootton had a 401K plan from his employment at Micron Inc; Ms. Wootton had a 401K plan at Ebay Inc. (A third IRA in Ms. Wootton's name contained negligible assets.)

- Ms. Wootton signed and submitted the required QDRO document to transfer half of her 401K plan to Mr. Wootton. Mr. Wootton did not submit a QDRO but rather liquidated his 401K account. Because Mr. Wootton's 401K account was worth more than Ms. Wootton's account at the time of their separation, this liquidation deprived her of valuable assets to which she was entitled by the terms of the Stipulated Judgment.

- Attached hereto is a brokerage statement showing the value of Ms. Wootton's account at or near the date of the Wootton's separation (November 11, 2004). Addendum 8 shows Ms. Wootton's account value of $34,466.08.

- Attached also hereto is Addendum 9. This spreadsheet, provided by Mr. Wootton, shows all of Mr. Wootton's 401K account transactions from 01/01/1996 through 01/10/2009. By summing up the dividends and contributions made through 10/31/2004 (the closest date to the date of separation), an account value of $46,834.74 is determined.

- Mr. Wootton's 401K account was therefore ($46,834.74 - $34,466.08) = $12,368.66 more valuable than Ms. Wootton's at the time of their separation. All of this value is community property.

- Ms. Wootton claims half of the difference in value between the two accounts: 50% of $12,368.66 which totals $6,184.33.