LAW OFFICES OF VANESSA A. ZECHER
111 WEST SAINT JOHN STREET, SUITE 710
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 271-9977   FACSIMILE (408) 271-9555

1   Court and remove Wife's name from the existing loan on the property. Husband shall have

2   an additional thirty (30) days for the refinance for good cause shown.

3       **B.**    **Automobiles.** Wife is awarded the following vehicles as her sole and separate

4   property subject to all liens and encumbrances thereon:

5           1.  2004 Lexis RX 330;

6           2.  2002 Dodge Caravan.

7       Husband is awarded the following remaining vehicles as his sole and separate

8   property subject to all liens and encumbrances thereon:

9           1.  2001 Infiniti SUV; and

10          2.  1997 Jaguar Convertible.

11      The parties have agreed that the division of the vehicles is a fair and equal division.

12      **C.**    **Savings/Checking/Bank Accounts.** All savings/checking/bank accounts

13  presently in the name of each party shall be confirmed to each party in whose name the

14  account is held as his/her sole and separate property.

15      Wife is awarded the following bank accounts as her sole and separate property,

16  without offset:

17          1.  Wells Fargo Checking Account (#1945);

18          2.  Wells Fargo Savings Account (#9207); and

19          3.  HSBC Online Savings Account.

20      Husband is awarded the following bank accounts as his sole and separate property,

21  without offset:

22          1.  Paypal bank account;

23          2.  Washington Mutual Checking Account (xxx-xxx422-6); and

24          3.  Washington Mutual Savings Account (xxx-xxx278-8).

25      **D.**    **Wife's E-Trade Financial Account:** The E-Trade Financial Account (#xxxx-

26  3639)(formerly the Linsco/Private Ledger Account #3053) contains 6,114 total shares of

27  community E-Bay stock, which shall be equally divided in kind between the parties as soon

28  as possible, but no later than 30 days from the date of this Judgment with the division

allocating the cost basis for the stocks as equally between the parties as is practical. In the event of a dispute between the parties as to how the division of the stocks should occur, the Court retains jurisdiction over that issue. Wife represents that she has not sold any stocks or withdrawn any funds from this account since the date of separation of the parties. If Wife has made any sales or withdrawals, she shall be charged with same. Wife shall immediately produce all the statements from this account from date of separation forward to demonstrate that no withdrawals have occurred.

E. **Retirement/Pension/IRA.** The community interest in any and all retirement, deferred compensation and pension plans is to be divided equally between the parties. The plans are as follows:

1. Micron Retirement Savings Plan in Husband's name;

2. Linsco/Private Ledger Custodial IRA in Wife's name (#7532); and

3. E-Bay 401k in Wife's name.

The parties shall jointly retain Suzanne Hunsinger to value the community interest in the plans and to prepare any necessary Qualified Domestic Relations Order to effect said division. The parties shall share equally in Ms. Hunsinger's costs. The Court shall retain jurisdiction over the issue of the valuation and division of the community interest in the retirement plans.

F. **Stocks.** The community interest in any and all stocks is to be divided in kind equally between the parties. The stocks are as follows:

1. E-Bay E-Trade Financial Account (#xxxx-3639) pursuant to the terms set forth in paragraph D above.

2. The community interest in Wife's E-Bay Stock Purchase Plan. Suzanne Hunsinger will be requested to serve as neutral expert to divide up the community interest in Wife's Employee Stock Purchase Plan;

3. Wife's E-Bay Stock Option Plan to be divided as set forth in paragraph H, below; and

LAW OFFICES OF VANESSA A. ZECHER
111 WEST SAINT JOHN STREET, SUITE 710
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 271-9977   FACSIMILE (408) 271-9555

Case: 09-57389   Doc# 96-3   Filed: 05/06/11   Entered: 05/06/11 21:52:48   Page 2 of 6

4. E-Bay Account (#xxxx-0385). Husband's E-Bay Stock Option Plan to be divided as set forth in paragraph H, below.

G. **Household Furniture and Furnishings.** All household furniture, furnishing, jewelry, artwork and other personal effects presently in the possession of Wife are confirmed to her as her sole and separate property. All household furniture, furnishing, jewelry, artwork and other personal effects presently in the possession of Husband are confirmed to him as his sole and separate property.

H. **Stock Options:** Pursuant to the sale of Husband's stock options, Husband received proceeds in the amount of $236,966.00 (sales price less exercise costs, taxes and fees) of which $199,585.00 is allocable to the community and $37,380.00 is allocable to Husband's separate property. Husband has no remaining stock options as they either have been exercised or forfeited due to Husband's January 19, 2007 termination of employment with EBay Inc. The method, manner, exercise and division of the community stock options as well as the stock option analyses and schedules, prepared by James A. Butera, CPA, which detail the community and separate property interests in both Husband's EBay stock option proceeds and Wife's stock option proceeds and unexercised options are attached hereto and incorporated herein as Attachments "D," "E," and "F". Wife is awarded her share of the net proceeds from the sale in the amount of $99,792.50. Husband is to be solely responsible for the reporting and payment of any and all taxes associated with the exercise and sale of these options as the amount of $99,792.50 being awarded to Wife is net of taxes. Husband shall receive a credit for any tax refund received by Husband for the overpayment of tax related to the sale of the options.

Wife has 25,262 unexercised shares of EBay stock options, of which 14,220 are allocable to the community and 11,042 are allocable to Wife's separate property. Shares exercised and sold by Wife generated net proceeds in the amount of $78,711.00, of which the entire amount is allocable to the community. Husband is awarded his share of the net proceeds from the sale in the amount of $39,355.50. Wife is to be solely responsible for the reporting and payment of any and all tax associated with the exercise and sale of these

In re the Marriage of WOOTTON                     -8-                     Case No. 1-04-FL123474

LAW OFFICES OF VANESSA A. ZECHER
111 WEST SAINT JOHN STREET, SUITE 710
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 271-0977   FACSIMILE (408) 271-0555

options as the amount of $39,355.50 being awarded to Wife is net of taxes. Wife shall receive a credit for any tax refund received by Wife for the overpayment of tax related to the sale of the options.

I.     **Life Insurance: Wife** is confirmed, as her sole and separate property, any and all life insurance policies in her name. Husband is confirmed as his sole and separate property, any and all life insurance policies in his name.

## COMMUNITY DEBT

The Court shall retain jurisdiction over the amount of community debt, the division of community debt and each party's reimbursement claims for payment of community debt post separation.

## EQUALIZATION PAYMENT

As a result of the division of the assets and debts contained herein and in consideration of the allocation of the stock proceeds as set forth above and in consideration of the child and spousal support arrears and child care arrears as set forth above, Husband shall pay to Wife the sum of $65,944.00 as an equalization payment. Said payment shall be made within 30 days of the date this Judgment is filed with the Court. This equalization payment is subject to proof that Husband has made child and spousal support payments for the months of February 2007 and March 2007 in the amount of $4,102.62 per month. Husband shall provide proof of the February/March payment within two weeks of the date of this Judgment is filed with the Court. If Husband cannot provide proof of these payments, then he shall owe an additional $4,102.62 as an equalization payment, to be paid on the same terms as set forth above.

The equalization provided for herein is intended to be made pursuant to IRS Code section 1041 to equalize the division of the community estate. Said payment is non-tax deductible to the payor and shall not be included as income by the payee for any purpose. Said payment shall be a non-taxable event pursuant to IRS Code section 1041, except for the

Case: 09-57389    Doc# 96-3    Filed: 05/06/11    Entered: 05/06/11 21:52:48    Page 4 of 6

LAW OFFICES OF VANESSA A. ZECHER
111 WEST SAINT JOHN STREET, SUITE 710
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 271-9977    FACSIMILE (408) 271-9556

1   spousal support portion of this payment. The parties acknowledge that for the tax year 2007,
2   the following spousal support payments have or will be made: $81.00 per month for the
3   period of January 1, 2007 through March 31, 2007, $1168.00 per month for the period of
4   April 1, 2007 through August 31, 2007 and $746 per month for September 1, 2007 through
5   December 31, 2007. Said payments shall be tax deductible to the payor and income to the
6   payee.

## SPOUSAL SUPPORT

Commencing September 1, 2007, Husband shall pay to Wife the amount of $746.00 per month as and for spousal support. The Court retains jurisdiction over the appropriate level of spousal support and no findings have been made pursuant to Family Code section 4320. Those findings are specifically reserved to later determination by the Court. Spousal support as to Husband is reserved.

The jurisdiction of the Court to award spousal support to Wife shall finally and irrevocably terminate upon one of the following events:

    (a)    The death of either party;

    (b)    The remarriage of Wife;

    (c)    January 31, 2010.

Husband's final spousal support payment to Wife shall for the month of January 1, 2010

The jurisdiction of the Court to award spousal support to Husband shall finally and irrevocably terminate upon one of the following events:

    (a)    The death of either party;

    (b)    The remarriage of Husband;

    (c)    January 31, 2010;

    (d)    If Wife's ability to receive spousal support is terminated by operation of law as set forth above.

Case: 09-57389   Doc# 96-3   Filed: 05/06/11   Entered: 05/06/11 21:52:48   Page 5 of 6

LAW OFFICES OF VANESSA A. ZECHER
111 WEST SAINT JOHN STREET, SUITE 710
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 271-9977   FACSIMILE (408) 271-9555

1  The parties stipulate and agree that the January 31, 2010 date represents ½ of the

2  duration of the marriage (49 months from December 15, 2005). The parties understand and

3  agree that the jurisdiction of the Court to award spousal support to either party from January

4  31, 2010 will finally and irrevocably terminate regardless of the financial circumstances

5  which may be in existence as of that date. The parties make this agreement without duress or

6  coercion. The parties signify their understanding of this portion of this Stipulated Judgment

7  by initialing below.

(Husband)                    (Wife)

## TAX RETURNS

The parties agree that they will file separate tax returns for tax year 2006 and
thereafter.

## FILING STATUS AND DEPENDENCY EXEMPTIONS

Commencing with tax year 2006, Wife shall be entitled to file Head of Household so
long as Wife has physical custody of the minor children for more than 50% of the time.
Wife shall be entitled to claim the minor children as dependency exemptions for tax year
2006 forward so long as Wife has physical custody of the minor children for more than 50%
of the time.

## FUTURE TAX ISSUES

Each party shall maintain a current address with all taxing authorities. Each party
shall forward to the other a copy of any tax deficiency notice, any refund notice, any consent,
or any other notice from any taxing authority where the notice or consent may affect the tax
liability of the other party. If failing to inform the other party results in any tax liability to
the other party, the party failing to inform shall be solely liable and shall indemnify and hold