the other party harmless from tax liability, including penalties, interest, and additional assessments.

Except as otherwise set forth herein and/or unless the parties agree otherwise, if any taxing authority asserts a claim against the parties for any period during the marriage, an accountant or tax attorney mutually agreed to by the parties shall be responsible for all communications and negotiations with the taxing authority. Both of the parties shall execute necessary powers of attorney and disclosure authorizations designating the accountant or attorney to act as their agent. Neither of the parties shall communicate with the taxing authority, except as required by law, in which case the communication shall be in the presence of or reviewed in advance by the their agent. Each of the parties shall cooperate fully in providing documents, information, and testimony. Each of the parties shall sign all necessary documents, waivers, consents, and agreements.

If any taxing authority claims any amount due from the parties or sends any refund to the parties for any period during the marriage, the debt (including tax, penalties and interest) or the refund shall be shared equally between the parties unless the debt results from unreported or under-reported income by either party during the marriage. In the situation where either party has unreported or under-reported income for any year during the marriage or post separation in which a joint tax return was filed, the parties shall share equally in any income tax assessed as the result of the unreported or under-reporting of income; however, the party who did not report the income or under-reported the income shall be solely responsible for all interest and penalties assessed by the taxing authorities unless it can be shown by the party who did not report the income or under-reported the income that the mistake was not intentional and was not done for purposes of evading a tax obligation or liability.

If the parties are unable to agree on an accountant or attorney, the parties shall submit the matter to the Court, and the Court will retain jurisdiction for that purpose.

//

//

In re the Marriage of WOOTTON  —12—  Case No. 1-04-FL123474
STIPULATED JUDGMENT
Case 09-57389   Claim 14   Filed 01/05/10   Desc Main Document   Page 17 of 30

Case: 09-57389   Doc# 96-4   Filed: 05/06/11   Entered: 05/06/11 21:52:48   Page 1 of 5

## ATTORNEY FEES AND COSTS

In consideration of the terms and conditions of this Judgment, each party shall bear his/her own attorney fees and costs through the date this Judgment is fully executed by all parties.

## INDEMNIFICATION

Except as otherwise provided in this Agreement, each party hereby warrants to the other that neither she nor he will incur any liability or obligation as to which the other is, or may be, liable. Further, each party hereby covenants and agrees that if any claim, action or proceeding shall hereafter be brought, seeking to hold the other party liable on account of any such debt, liability or act, or omission of wife or husband, respectively, she or he as the case may be, will at his or her sole expense, defend the other against any such claim or demand or threat thereof, whether or not well-founded and hold the other harmless therefrom, together with reasonable attorney fees and costs in connection with any defense there against.

## THIRD PARTY CREDITORS

The parties both understand that while this Agreement may assign a particular debt to a particular party, if that party does not pay the debt, the creditor may take steps against the other party, which can include a lawsuit and an unfavorable credit report. The parties further understand that simply because a piece of property which secures a debt is assigned to one of the parties, that does not relieve the other party of his/her contractual obligation regarding that debt. For example, if both parties signed the application for a loan to buy a house, even if one party receives the house, unless it is refinanced, the other remains liable for the mortgage payment, which will appear on both parties' credit reports.

//
//
//

In re the Marriage of WOOTTON —13— Case No. 1-04-FL123474
STIPULATED JUDGMENT
Case 09-57389  Claim 14  Filed 01/19/10  Desc Main Document  Page 18 of 30

Case: 09-57389  Doc# 96-4  Filed: 05/06/11  Entered: 05/06/11 21:52:48  Page 2 of 5

## WAIVER OF RIGHT TO REIMBURSEMENT

Except as expressly provided in this Agreement, each party waives any right to reimbursement for the following:

1. Epstein credits (In re Marriage of Espstein (1979) 24 Cal.3d 76) and all rights to reimbursement to which they may be entitled as a result of the payment of community obligations since the date of separation;

2. Watts credits (In re Marriage of Watts (1985) 171 Cal.App.3d 366) and all rights to reimbursement to which a party or the community may be entitled as a result of one party's use of any community asset since separation;

3. All rights to reimbursement pursuant to Family Code Section 2640, or otherwise, for separate property contributed to the acquisition or maintenance of community property.

4. All rights to reimbursement for the contribution of the community toward the education of either party during the marriage.

## BANKRUPTCY

Each party understands that this Agreement does not extend to third party creditors and that the filing of bankruptcy by either party may affect the other party's rights and obligations under the terms of this Agreement. Both parties represent and warrant that neither party has plans to file bankruptcy at this time.

## JURISDICTION OF THE COURT

The parties agree that the Court shall retain jurisdiction over all assets, debts and other issues which resulted from the parties' marriage which are not specifically set forth in this Stipulated Judgment. The Court shall also retain jurisdiction over the division of the retirement and pension accounts and the interpretation and enforcement of this Judgment.

//
//

**REVIEW OF STIPULATED JUDGMENT BY LEGAL COUNSEL**

VANESSA A. ZECHER, attorney for WIFE, has prepared this Agreement. HUSBAND is represented by RONALD MECKLER. Both parties have received legal advice with respect to the import and meaning of this Agreement together with rights and responsibilities contained therein prior to the execution of the Agreement.

**ADVISEMENT OF RIGHT TO DISCOVERY**

(1) HUSBAND and WIFE hereby acknowledge that their counsel is unable to adequately advise them with regard to:

    (a) The existence and extent of the assets and debts subject to the Court's jurisdiction;

    (b) The characterization of those assets and debts;

    (c) The valuation of those assets and debts; and

    (d) The division and/or confirmation of those assets and debts.

(2) HUSBAND and WIFE further specifically acknowledge that the reason their counsel is unable to adequately advise them with respect to the foregoing matters is because HUSBAND and WIFE have directed their counsel to refrain from any further discovery, including appraisals, and to minimize attorneys fees and costs, based on the belief of HUSBAND and WIFE that they know the extent, characterization and valuation of all assets and debts subject to the jurisdiction of the Court.

//
//
//
//
//
//
//
//

In re the Marriage of WOOTTON  —15—  Case No. 1-04-FL123474
STIPULATED JUDGMENT
Case 09-57389   Claim 14   Filed 01/19/10   Desc Main Document   Page 20 of 30

Case: 09-57389   Doc# 96-4   Filed: 05/06/11   Entered: 05/06/11 21:52:48   Page 4 of 5

(3) HUSBAND and WIFE further specifically acknowledges that their counsel have advised them with regard to the potential legal effect of the lack of discovery and appraisals, that is, that they will not receive that to which they are entitled under California law. HUSBAND and WIFE further specifically acknowledge that the practical effect of the lack of discovery and appraisals may be that they will not receive assets to which they have the legal right and will receive debts for which they should not be obligated.

Dated: 10/18/07

ALAN T. WOOTTON, Petitioner

Dated: 10/15/07

OXANA G. WOOTTON, Respondent

Dated: 10/18/07

RONALD MECKLER,
Attorney for Petitioner

Dated: 10.25.2007

VANESSA A. ZECHER,
Attorney for Respondent

THE TERMS OF THE WITHIN STIPULATED JUDGMENT ARE MADE AN ORDER OF THE COURT.

Dated: NOV 0 8 2007

Patricia Lucas

JUDGE OF THE SUPERIOR COURT

In re the Marriage of WOOTTON                    —16—                    Case No. 1-04-FL123474

STIPULATED JUDGMENT