Exhibit E
Attachment C to 2007 Judgment for Dissolution
4 pages

ATTACHMENT C

# NOTICE OF RIGHTS AND RESPONSIBILITIES
## Health-Care Costs and Reimbursement Procedures

**IF YOU HAVE A CHILD SUPPORT ORDER THAT INCLUDES A PROVISION FOR THE REIMBURSEMENT OF A PORTION OF THE CHILD'S OR CHILDREN'S HEALTH-CARE COSTS AND THOSE COSTS ARE NOT PAID BY INSURANCE, THE LAW SAYS:**

1. **Notice.** You must give the other parent an itemized statement of the charges that have been billed for any health-care costs not paid by insurance. You must give this statement to the other parent within a reasonable time, but no more than 30 days after those costs were given to you.

2. **Proof of full payment.** If you have already paid all of the uninsured costs, you must give the other parent proof that you paid them and (2) ask for reimbursement for the other parent's court-ordered share of those costs.

3. **Proof of partial payment.** If you have paid only your share of the uninsured costs, you must (1) give the other parent proof that you paid your share, (2) ask that the other parent pay his or her share of the costs directly to the health-care provider, and (3) give the other parent the information necessary for that parent to be able to pay the bill.

4. **Payment by notified parent.** If you receive notice from a parent that an uninsured health-care cost has been incurred, you must pay your share of that cost within the time the court orders; or if the court has not specified a period of time, you must make payment (1) within 30 days from the time you were given notice of the amount due, (2) according to any payment schedule set by the health-care provider, (3) according to a schedule agreed to in writing by you and the other parent, or (4) according to a schedule adopted by the court.

5. **Disputed charges.** If you dispute a charge, you may file a motion in court to resolve the dispute, but only if you pay that charge before filing your motion.

If you claim that the other party has failed to reimburse you for a payment, or the other party has failed to make a payment to the provider after proper notice has been given, you may file a motion in court to resolve the dispute. The court will presume that if uninsured costs have been paid, those costs were reasonable. The court may award attorney fees and costs against a party who has been unreasonable.

6. **Court-ordered insurance coverage.** If a parent provides health-care insurance as ordered by the court, that insurance must be used at all times to the extent that it is available for health-care costs.

   a. **Burden to prove.** The party claiming that the coverage is inadequate to meet the child's needs has the burden of proving that to the court.

   b. **Cost of additional coverage.** If a parent purchases health-care insurance in addition to that ordered by the court, that parent must pay all the costs of the additional coverage. In addition, if a parent uses alternative coverage that costs more than the coverage provided by court order, that parent must pay the difference.

7. **Preferred health providers.** If the court-ordered coverage designates a preferred health-care provider, that provider must be used at all times consistent with the terms of the health insurance policy. When any party uses a health-care provider other than the preferred provider, any health-care costs that would have been paid by the preferred health provider if that provider had been used must be the sole responsibility of the party incurring those costs.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
FL-192 [Rev. January 1, 2006]

NOTICE OF RIGHTS AND RESPONSIBILITIES
Health-Care Costs and Reimbursement Procedures

Family Code, §§ 4062, 4063
www.courtinfo.ca.gov

Case: 09-57389    Doc# 96-6    Filed: 05/06/11    Entered: 05/06/11 21:52:48    Page 3 of 11

# INFORMATION SHEET ON CHANGING A CHILD SUPPORT ORDER

**General Information**

The court has just made a child support order in your case. This order will remain the same unless a party to the action requests that support be changed (modified). An order for child support can be modified only by filing a motion to change child support and serving each party involved in your case. If both parents and the local child support agency (if it is involved) agree on a new child support amount, you can complete, have all parties sign, and file with the court a *Stipulation to Establish or Modify Child Support and Order* (form FL-350) or *Stipulation and Order (Governmental)* (form FL-625).

**When a Child Support Order May Be Modified**

The court takes several things into account when ordering the payment of child support. First, the number of children is considered. Next, the net incomes of both parents are determined, along with the percentage of time each parent has physical custody of the children. The court considers both parties' tax filing status and may consider hardships, such as a child of another relationship. An existing order for child support may be modified when the net income of one of the parents changes significantly, the parenting schedule changes significantly, or a new child is born.

**Examples**

- You have been ordered to pay $500 per month in child support. You lose your job. You will continue to owe $500 per month, plus 10 percent interest on any unpaid support, unless you file a motion to modify your child support to a lower amount and the court orders a reduction.
- You are currently receiving $300 per month in child support from the other parent, whose net income has just increased substantially. You will continue to receive $300 per month unless you file a motion to modify your child support to a higher amount and the court orders an increase.
- You are paying child support based upon having physical custody of your children 30 percent of the time. After several months it turns out that you actually have physical custody of the children 50 percent of the time. You may file a motion to modify child support to a lower amount.

**How to Change a Child Support Order**

To change a child support order, you must file papers with the court. *Remember:* You must follow the order you have now.

**What forms do I need?**

If you are asking to change a child support order open with the local child support agency, you must fill out one of these forms:
- FL-680, *Notice of Motion (Governmental)* or FL-683 *Order to Show Cause (Governmental)* and
- FL-684, *Request for Order and Supporting Declaration (Governmental)*

If you are asking to change a child support order that is not open with the local child support agency, you must fill out one of these forms:
- FL-301, *Notice of Motion* or FL-300, *Order to Show Cause* and
- FL-310, *Application for Order and Supporting Declaration* or
- FL-390, *Notice of Motion and Motion for Simplified Modification of Order for Child, Spousal, or Family Support*

You must also fill out one of these forms:
- FL-150, *Income and Expense Declaration* or FL-155, *Financial Statement (Simplified)*

**What if I am not sure which forms to fill out?**

Talk to the family law facilitator at your court.

After you fill out the forms, file them with the court clerk and ask for a hearing date. Write the hearing date on the form. The clerk will ask you to pay a filing fee. If you cannot afford the fee, fill out these forms, too:
- Form 982(a)(17), *Application for Waiver of Court Fees and Costs*
- Form 982(a)(18), *Order on Application for Waiver of Court Fees and Costs*

You must serve the other parent. If the local child support agency is involved, serve it too. This means someone 18 or over—not you—must serve the other parent copies of your filed court forms at least 16 court days before the hearing. Add 5 calendar days if you serve by mail within California (see Code of Civil Procedure section 1005 for other situations). Court days are weekdays when the court is open for business (Monday through Friday except court holidays). Calendar days include all days of the month, including weekends and holidays. To determine court and calendar days, go to www.courtinfo.ca.gov/selfhelp/courtcalendars/.

The server must also serve blank copies of these forms:
- FL-320, *Responsive Declaration to Order to Show Cause or Notice of Motion* and FL-150, *Income and Expense Declaration*, or
- FL-155, *Financial Statement (Simplified)*

Then the server fills out and signs a *Proof of Service* (form FL-330 or FL-335). Take this form to the clerk and file it.

Go to your hearing and ask the judge to change the support. Bring your tax returns from the last two years and your last two months' pay stubs. The judge will look at your information, listen to both parents, and make an order. After the hearing, fill out:
- FL-340, *Findings and Order After Hearing* and
- FL-342, *Child Support Information and Order Attachment*

**Need help?**

Contact the family law facilitator in your county or call your county's bar association and ask for an experienced family lawyer.

# NOTICE OF RIGHTS AND RESPONSIBILITIES
## Child Care Costs and Reimbursement Procedures

IF YOU HAVE A CHILD SUPPORT ORDER THAT INCLUDES A PROVISION FOR THE REIMBURSEMENT OF A PORTION OF THE CHILD OR CHILDREN'S CHILD CARE COSTS, YOU MUST DO THE FOLLOWING:

**1. NOTICE.** You must give the other parent an itemized statement of the charges that have been billed for any child care costs related to employment or to reasonably necessary education or training for employment skills. You must give this statement to the other parent within a reasonable time, but no later than 30 days after those costs were given to you.

**2. PROOF OF FULL PAYMENT.** If you have already paid all of the child care costs, you must (1) provide the other parent with proof that you have paid those costs, and (2) ask for reimbursement for the other parent's court-ordered share of those costs. Proof of payment should be in the form of canceled checks, timely receipts, billing statements from the child care provider, or the provider's declaration under penalty of perjury.

**3. PROOF OF PARTIAL PAYMENT.** If you have only paid your share of the child care costs, you must (1) provide the other parent with proof that you have paid your share, (2) ask that the other parent pay his or her share of the costs directly to the child care provider, and (3) provide the other parent with the information necessary for that parent to be able to pay the bill. Proof of payment should be in the form of canceled checks, timely receipts, billing statements from the child care provider, or the provider's declaration under penalty of perjury.

**4. PAYMENT BY NOTIFIED PARENT.** If you receive notice from the other parent that child care costs related to employment or to reasonably necessary education or training for employment skills have been incurred, you must pay your share of the costs within the time the court orders, or if the court has not specified a period of time, you must make payment within 30 days from the time you were given notice of the amount due.

**5. DISPUTED CHARGES.** If you dispute a charge, you may file a motion in court to resolve the dispute, but only if you pay that charge before filing your motion. If you claim that the other party has failed to reimburse you for a payment, or the other parent has failed to make a payment to the provider after proper notice has been given, you may file a motion in court to resolve the dispute. The court may award attorney fees against a party who has been unreasonable.

FL-020 (Jan 1, 2003)
S:\CIVIL\forms\FAMILY FORMS\Family Law Local Forms (NOT ADR)\FL020 Notice of Rights and Resp July 1, 2001.wpd

Notice of Rights and Responsibilities
Child Care Costs & Reimbursement Procedures

Local Rules 9.4 & 9.8

Case: 09-57389   Doc# 96-6   Filed: 05/06/11   Entered: 05/06/11 21:52:48   Page 5 of 11

Exhibit F
Claim 13 Allowable Amounts spreadsheet
1 page

## Claim 13 Allowable Amounts (Case No. 09-57389)

### Support Obligations & Payments by Debtors Alan & Wendy Wootton from 9/1/07 to 8/31/09

**Calculation One**

| Date Range | Child Support Daily Rate (+) | Child Care Support Daily Rate (+) | Spousal Support Daily Rate (+) | Days Per Date Range (x) | Reimbursable Child Care Costs Related for Employment (+) | Total Support Due for Date Range (=) | Payments (-) | Balance Due from Debtors to Claimant (=) | # of days unpaid until 8/31/09 | Accrued Interest for Each Date Range's Support Obligation | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Sept. 2007 | 99.47 | 42.00 | 24.87 | 30 | 0.00 | 4,990.00 | 6,163.31 | -1,173.31 | 0 | 0.00 | No reimbursable child care costs related to employment were unpaid during the period from 9/1/07 to 8/31/09 |
| Oct. 2007 | 96.26 | 40.65 | 24.06 | 31 | 0.00 | 4,990.00 | 4,102.82 | -285.93 | 0 | 0.00 | |
| Nov. 2007 | 99.47 | 42.00 | 24.87 | 30 | 0.00 | 4,990.00 | 0.00 | 4,704.07 | 60 | 77.03 | 11/15/07 support was paid in full on 1/14/08. |
| Dec. 2007 | 96.26 | 40.65 | 24.06 | 31 | 0.00 | 4,990.00 | 0.00 | 9,694.07 | 30,625 | 807.84 | Of 12/15/07 support, $285.93 was paid on 1/14/08 |
| Jan. 2008 | 96.26 | 40.65 | 24.06 | 31 | 0.00 | 4,990.00 | 9,950.00 | 4,704.07 | 0 | 0.00 | |
| Feb. 2008 | 106.57 | 45.00 | 29.64 | 28 | 0.00 | 4,990.00 | 0.00 | 9,694.07 | 563 | 789.69 | |
| Mar. 2008 | 96.26 | 40.65 | 24.06 | 31 | 0.00 | 4,990.00 | 4,990.00 | 4,704.07 | 0 | 0.00 | |
| Apr. 2008 | 99.47 | 42.00 | 24.87 | 30 | 0.00 | 4,990.00 | 0.00 | 14,684.07 | 503 | 687.66 | |
| May 1-13, 2008 (41.9% of May) | 96.18 | 40.81 | 24.04 | 13 | 0.00 | 2,090.81 | 0.00 | 16,774.88 | - | - | |
| May 14-31, 2008 (58.1% of May) | 75.72 | 40.97 | 24.08 | 18 | 0.00 | 2,528.51 | 0.00 | 19,303.39 | 473 | 598.61 | Total 5/15/07 support due was $4,619.32 |
| Jun. 2008 | 78.20 | 42.00 | 24.87 | 30 | 0.00 | 4,352.20 | 0.00 | 23,655.39 | 442 | 545.38 | |
| Jul 1-27, 2008 (87.1% of July) | 75.68 | 40.65 | 24.07 | 27 | 0.00 | 3,790.58 | 0.00 | 27,445.98 | 0 | 0.00 | Total 7/15/07 support due was $4,309.69 |
| Jul 28-31, 2008 (12.9% of July) | 65.08 | 40.64 | 24.06 | 4 | 0.00 | 519.10 | 0.00 | 27,965.08 | 31,412 | 407.55 | Of 7/15/07 support, $756 was paid in Aug. '08 |
| Aug. 2008 | 65.10 | 40.65 | 24.06 | 31 | 0.00 | 4,024.00 | 4,750.00 | 27,209.08 | 0 | 0.00 | |
| Sept. 2008 | 67.27 | 42.00 | 24.87 | 30 | 0.00 | 4,024.00 | 0.00 | 31,233.08 | 350 | 385.88 | |
| Oct. 2008 | 65.10 | 40.65 | 24.06 | 31 | 0.00 | 4,024.00 | 0.00 | 35,257.08 | 320 | 352.79 | |
| Nov. 2008 | 67.27 | 42.00 | 24.87 | 30 | 0.00 | 4,024.00 | 0.00 | 39,281.08 | 289 | 319.61 | |
| Dec. 2008 | 65.10 | 40.65 | 24.06 | 31 | 0.00 | 4,024.00 | 0.00 | 43,305.08 | 259 | 285.54 | |
| Jan. 2009 | 65.10 | 40.65 | 24.06 | 31 | 0.00 | 4,024.00 | 0.00 | 47,329.08 | 228 | 251.38 | |
| Feb 1-18, 2009 (64.3% of Feb.) | 72.09 | 45.01 | 26.65 | 18 | 0.00 | 2,587.43 | 0.00 | 49,916.51 | - | - | |
| Feb 19-28, 2009 (35.7% of Feb.) | 60.69 | 44.98 | 26.63 | 10 | 0.00 | 1,323.04 | 0.00 | 51,239.55 | 197 | 211.08 | Total 2/15/09 support due was $3,910.47. |
| Mar. 2009 | 54.84 | 40.65 | 24.06 | 31 | 0.00 | 3,706.00 | 0.00 | 54,945.55 | 166 | 171.50 | |
| Apr. 2009 | 56.67 | 42.00 | 24.87 | 30 | 0.00 | 3,706.00 | 1,200.00 | 57,451.55 | 138 | 94.75 | A partial payment of $1,200 was made for 4/15/09 support. |
| May 2009 | 54.84 | 40.65 | 24.06 | 31 | 0.00 | 3,706.00 | 1,200.00 | 59,957.55 | 108 | 74.15 | A partial payment of $1,200 was made for 5/15/09 support. |
| Jun. 2009 | 56.67 | 42.00 | 24.87 | 30 | 0.00 | 3,706.00 | 1,200.00 | 62,463.55 | 77 | 52.87 | A partial payment of $1,200 was made for 6/15/09 support. |
| Jul. 2009 | 54.84 | 40.65 | 24.06 | 31 | 0.00 | 3,706.00 | 1,200.00 | 64,969.55 | 47 | 32.27 | A partial payment of $1,200 was made for 7/15/09 support. |
| Aug. 2009 | 54.84 | 40.65 | 24.06 | 31 | 0.00 | 3,706.00 | 0.00 | 68,675.55 | 16 | 16.25 | |
| Totals: | - | - | - | - | - | 103,491.43 | 34,815.93 | 68,675.55 | - | 6,140.84 | Total Owed in Support Arrears with Interest to 8/31/09 |

### Claim 13 Calculation of Total Owed by Debtors to Claimant Oxana Wootton with All Entitled Offsets

**Calculation Two**

| Description | Amount | Mathematical Operation | Balance | Notes |
|---|---|---|---|---|
| Priority Claim: Priority Support Arrears with Interest Due from Debtors | 74,816.39 | + | 74,816.39 | |
| Offset: Debtor's share of eBay stock sale proceeds | 92,068.72 | - | -17,252.33 | |
| Offset: Interest due from Claimant on eBay stock sale proceeds from 3/12/08 to 5/8/11 (1,120 days) | 28,251.22 | + | -45,503.55 | The interest stated here is the amount accrued as of 5/8/11, the filing date of Debtors' Objection to Claim 13. The actual amount of interest due the Debtors will depend on the resolution date of Debtors' Objection to Claim 13. |
| Non-priority Claim: Equalization Payment | 65,944.00 | + | 20,440.45 | |
| Non-priority Claim: Interest due from Debtors on Equalization payment from 12/9/07 to 8/31/09 (631 days) | 11,400.18 | + | 31,840.63 | |
| Offset: Debtor's share of 2004 tax penalty | 900.10 | - | 30,940.53 | |
| Offset: Claimant's share of Butera bill | 2,285.05 | - | 28,655.48 | |
| Offset: Interest due from Claimant for her share of the Butera bill from 7/15/08 to 5/8/11 (1,025 days) | 641.69 | + | 28,013.78 | The interest stated here is the amount of interest due the Debtors as of 5/8/11, the filing date of Debtors' Objection to Claim 13. The actual amount of interest due the Debtors will depend on the resolution date of Debtors' Objection to Claim 13. |
| Offset: Attorney's fees owed Debtors pursuant to CA CCP s. 685.040 | 1,445.00 | - | 26,568.79 | 34% of total hours spent on Debtors case by Debtors' attorney, as of 5/8/11, was spent on Objection to Claim 13. 34% of total fee of $4,250 charged to Debtors for this case is $1,445.00. The full amount of entitled attorneys fees will depend on the resolution date of Debtors' Objection to Claim 13. |
| Total Allowable Amount for Claim 13 | | | 26,568.79 | This entire amount is a non-priority claim. |

Exhibit G
Engagement letter for Mr. Butera's services
3 pages



**McCAHAN, HELFRICK, THIERCOF & BUTERA**
ACCOUNTANCY CORPORATION
CERTIFIED PUBLIC ACCOUNTANTS

1655 WILLOW STREET, SAN JOSE, CA 95125, (408) 266-4755 / FAX: (408) 266-0825

J. Bruce McCahan, C.P.A. *
Charles W. Helfrick, C.P.A.
Raymond J. Thiercof, C.P.A.
James F. Butera, C.P.A.
Robert K. Taylor, C.P.A.
J. Mitchell Baio
* Retired

March 15, 2007

Vanessa Zecher,
 Attorney at Law
111 West St. John Street, Suite 710
San Jose, CA 95113

Ronald S. Meckler,
 Attorney at Law
99 Almaden Blvd., Suite 575
San Jose, CA 95113

**Re: Marriage of Wootton**

Dear Ms. Zecher:

This letter will serve to confirm our understanding and agreement whereby our firm has been retained by Vanessa Zecher as attorney for Oxana Wootton and Ronald S. Meckler as attorney for Alan Wootton in the above subject matter. Any reports, data, work sheets or other documents prepared by us in connection with this engagement will be submitted solely to you and will not be furnished to any other person or party, unless you, or the court or lawful court process, should so direct or require.

Although you have retained us in connection with your preparation for the above subject proceeding, it is understood and agreed that there is no liability on the part of yourself or your law firms for the fee for any services to be rendered by us pursuant to this agreement, unless our fees are paid directly to you for our benefit.

Our services, which will be limited to evaluations of the community and separate property interests in Husband's and Wife's E-Bay stock options, will be furnished on an hourly basis. The hourly rate is $360.00 per hour for principals of the firm and $80.00 to $280.00 per hour for staff. These rates are subject to possible increases due to inflationary economic conditions, but will not be increased in our billing to you unless increased to all our clients. Should there be any change in our hourly billing rates, you will be advised immediately. Should testimony be required from this office at pretrial or trial, such time will be billed at our regular rates as listed above.

Attached hereto is a statement for a retainer of $1,000.00, against which time will be applied. This retainer is not intended to be an estimate for the total cost of the work to be performed, nor has an estimate been given. Statements will be rendered to your clients on a periodic basis and are due upon presentation. If the amount is not paid by the client within ten days of the invoice date, a late charge will be added based on the unpaid balance at 10% per annum. In addition, if an invoice is not paid by the due date, we reserve

MEMBER: AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
CALIFORNIA SOCIETY OF CERTIFIED PUBLIC ACCOUNTANTS

the right to withdraw from this engagement. Whenever the retainer is exhausted, we reserve the right to request an additional retainer.

If any dispute arises among the parties hereto, the parties agree first to try in good faith to settle the dispute by mediation administered by the American Arbitration Association under its Commercial Mediation Rules before resorting to litigation. The costs of any mediation proceeding shall be shared equally by all parties.

Oxana Wootton, Alan Wootton and McCahan, Helfrick, Thiercof & Butera Accountancy Corporation both agree that any dispute over fees charged by the accountant to the client will be submitted for resolution by arbitration in accordance with the rules of the American Arbitration Association. Such arbitration shall be binding and final. IN AGREEING TO ARBITRATION, WE BOTH ACKNOWLEDGE THAT, IN THE EVENT OF A DISPUTE OVER FEES, EACH OF US IS GIVING UP THE RIGHT TO HAVE THE DISPUTE DECIDED IN A COURT OF LAW BEFORE A JUDGE OR JURY AND INSTEAD WE ARE ACCEPTING THE USE OF ARBITRATION FOR RESOLUTION.

If arbitration is required regarding the collection of the account, we will be paid our standard hourly rates for all time actually expended by our firm members in connection with said arbitration.

We cannot and do not warrant or predict results or final developments.

You will determine the scope of the work to be performed and the requirement for any appearances in court.

In the event that, for any reason, you no longer represent Oxana Wootton and Alan Wootton, it is agreed that we have the right to withdraw from the engagement.

If the above accurately sets forth the terms of our engagement by you in the above described proceedings, it would be appreciated if you would so indicate by your signatures below, with the signature of your clients indicating acceptance of the fee arrangement.

Thank you for permitting us to be of service to you in this matter. Please return a signed copy of this letter to this office as soon as it is convenient.

McCahan, Helfrick, Thiercof & Butera
Accountancy Corporation

By: _____
James F. Butera, C.P.A.

Ronald Meckler, Esq.
March 15, 2007
Page 3

The above letter accurately sets forth the terms of your engagement by us in the subject proceeding.

Date _4/5/07_ _____

Ronald S. Meckler, Attorney at Law


The undersigned, hereby agrees to the terms herein set forth for the engagement of McCahan, Helfrick, Thiercof & Butera Accountancy Corporation. In signing this agreement, I also agree to submit any fee dispute to arbitration.

Date _4/3/07_ _____

Alan Wootton