| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | Exhibit H |
| | Attachment E to 2007 Judgment for Dissolution |
| 5 | 4 pages |

Exhibit H
Attachment E to 2007 Judgment for Dissolution
4 pages

## ATTACHMENT "E"

**Stock Options.** Wife has earned certain stock options during the marriage as the result of her employment at e-Bay/PayPal. Attached hereto as Attachment "F" is a schedule of the options granted to Wife through her employment at E-Bay/PayPal.

The community interest in Wife's e-Bay/PayPal Options has been determined by James Butera, CPA. The cost for Mr. Butera's work in this matter shall be equally divided by the parties. Mr. Butera has determined the community interest pursuant to the rules set forth in the case of In re Marriage of Nelson. The said e-Bay/PayPal Options are non-transferable. The parties agree that a Judgment shall be entered which provides for the division of the community interest in the e-Bay/PayPal Options and allocates one-half of the community options to Husband.

The parties acknowledge and agree that Husband may, from time to time as so elected by him, and in accordance with this Agreement, direct Wife to exercise for Husband's benefit a portion or all of the e-Bay/PayPal Options designated to Husband. For the purpose of this Agreement, the parties' respective addresses for the receipt of notice are as follows:

Husband: **Alan T. Wootton, 5924 Sterling Oaks Drive, San Jose, CA 95120**

Wife: **Oxana G. Wootton, 6228 Yeadon Way, San Jose, CA 95119**

Wife may not exercise, sell, hypothecate, encumber or in any other manner dispose of, or attempt to dispose of, any options allocated to Husband under the terms of this Agreement. Wife may not devise, place in trust, or attempt to dispose of options allocated to Husband in any testamentary instrument. In the event Wife's testamentary instrument appears to attempt to devise options allocated to Husband, the terms of this Agreement shall supersede any such instrument.

Should Wife violate the proscriptions set forth in Paragraph 4, he shall be liable to Husband for any and all losses attributable to the disposition of the stock. The first asset to which the Court shall look to make Husband whole will be any options allocated to Wife or belonging to Wife as her separate property. In the absence of available options to cure the effect of Wife's violation of this Agreement, the Court may determine the value of the loss to Husband and order Wife to compensate Husband from any source the Court deems appropriate.

At this time, the options are non-transferable and must remain in the name of Wife. However, if the non-transferability of the options is ever modified so that the options may be

placed in the name of Husband without consequence and in conformity with then existing restrictions, Husband and Wife shall cooperate to immediately thereupon transfer title to the options into Husband's name according to the procedure set forth by employer for transfer of title to occur.

Husband will notify Wife when he wants the options exercised by written notice to Wife as set forth above. The written notice will specify the following: the date upon which the options are to be exercised, the number of options to be exercised on that date, and the identity of the options to be exercised as to option price and grant number.

Contemporaneous with the notice to Wife, Husband will provide the funds necessary for exercise of the options including the purchase price of the stock and any required income tax withholdings and related payroll taxes.

Immediately upon exercise of the options and issuance of the resulting stocks, Wife shall have transferred into Husband's name all of the said stock if:

3. Transfer of title is permitted by issuer.
4. Such transfer is not prohibited by any applicable law, statute, restriction, or agreement between Husband and employer or issuer.

Each of the parties will cooperate in executing any document(s) reasonably necessary to effectuate the transfer of the stock.

The Court will retain jurisdiction to implement and enforce the transfer of title.

Transfer of title to the stocks shall constitute a transfer under Internal Revenue Code Section 1041. Should any taxing authority contest the qualification of the transfer under Section 1041, both of the parties shall cooperate in providing the authority with any testimony, statements, or documentation consistent with the terms of this agreement. Should the transaction be disallowed as a transfer between spouses incident to divorce under IRC Section 1041, Husband shall be solely responsible and forever hold Wife free and harmless and fully indemnify Wife from any liability for such taxes including any interest or penalties thereon and the Court shall retain jurisdiction to allocate between the parties any responsibility for interest and penalties thereon.

If Husband wishes to exercise options but cannot provide the funds to do so, Husband

may direct Wife to exercise the options and sell so much of the resulting stock as is necessary to pay for the exercise and all taxes that could be owed as a result of the exercise of the options and the sale of the stock. Husband may not direct Wife to exercise the options by margining the resulting stock account without the immediate sale of stock as described herein above.

If the parties agree to do so in writing, allocation of taxes resulting from exercise of the options may be accomplished in the following manner, to wit: Husband shall abide by the notification requirements set forth above respecting the exercise of options or the "same day sale" of options and stocks. Husband will not have an obligation to provide contemporaneous funds for anticipated taxes resulting from the transactions because the parties agree as follows: Each party who receives any shares of stock or the proceeds from sale of such stock shall be solely liable and forever hold the other free and harmless from any liability for and fully indemnify the other for any taxes, federal or state, that are attributable to the exercise of options or sale of stocks.

Any taxable transaction reported under Wife's social security number that IS attributable to Husband's options or resulting stocks shall be deducted from Wife's income tax returns and shall be reported by Husband on his tax returns under her social security number.

The parties shall execute a statement to be attached to each party's income tax returns informing the taxing authority of the deduction from Wife's and inclusion in Husband's tax returns of the options/stocks transactions.

If there has been any withholding of income taxes from proceeds of exercise or sale, Husband shall be entitled to credit for the withholding to the extent that Wife is legally able to transfer the taxable transaction from his tax returns to Husband's tax returns.

In the event the procedure set forth above is not allowed by any taxing authority, Husband shall be immediately liable to Wife for the entire taxes attributable to the transactions on his options/stocks, less any taxes actually withheld.

The Court Reserves jurisdiction to:

Resolve any disputes between the parties related to implementation of the stock option portion of this Marital Settlement Agreement, inclusive of all provisions on that subject.

Allocate between the parties the responsibility for any interest or penalties assessed by any taxing authority resulting from any transaction by Wife in conformity with Husband's

notification.

Allocate the costs of any professionals employed in connection with the additional assessment of taxes.

Resolve any problems arising where either party's failure to exercise options may prevent or is preventing the other from exercising subsequent options.

Insure the proper characterization and division of community property options in any restated reissued stock option and any stock option that is designed to provide dilution protection to any community property option.

Exhibit I
Mr. Butera's September 22, 2008 Letter with supporting spreadsheet
2 pages



**McCAHAN, HELFRICK, THIERCOF & BUTERA**
ACCOUNTANCY CORPORATION
CERTIFIED PUBLIC ACCOUNTANTS

J. Bruce McCahan, C.P.A. *
Charles W. Helfrick, C.P.A.
Raymond J. Thiercof, C.P.A.
James F. Butera, C.P.A.
Robert K. Taylor, C.P.A.
J. Mitchell Baio
* Retired

1655 WILLOW STREET, SAN JOSE, CA 95125, (408) 266-4755 / FAX: (408) 266-0825

September 22, 2008

Oxana Wootton
6228 Yeadon Way
San Jose, CA 95119

Alan Wootton
6075 Paso Los Cerritos
San Jose, CA 95120

Re:   Account Number S10620

Dear Ms. Wootton and Mr. Wootton:

Enclosed is a schedule which summarizes the activity for your account with my firm regarding the services we rendered as a joint expert in your family law matter. As shown on this schedule, we have billed $4,237.00, we have assessed late charges of $333.03 and have received payments of $4,991.00, resulting in a credit balance of $420.97.

Oxana has requested that the credit balance be refunded, which we will do; however, we need to determine to whom the refund should be issued. Per our records, it appears that all of the payments were made by Alan. If this is accurate, then the refund should be issued to Alan.

I need both of you to advise me to whom the refund should be issued, and if there is not any agreement, we will not issue a refund until the two of you agree on this issue.

Sincerely,

James F. Butera, C.P.A.

JFB:edk
Enc.

# MARRIAGE OF WOOTTON - #S10620
## SUMMARY & ALLOCATION OF BILLING STATEMENTS - McCAHAN, HELFRICK, THIERCOF & BUTERA

| MONTH | TOTAL ACCOUNT | | | | OXANA | | | | ALAN | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | FEES | LATE CHARGES | PAYMENTS | BALANCE | FEES | LATE CHARGES | PAYMENTS | BALANCE | FEES | LATE CHARGES | PAYMENTS | BALANCE |
| Mar-07 | 2,630.00 | | | 2,630.00 | 1,315.00 | | | 1,315.00 | 1,315.00 | | | 1,315.00 |
| Apr-07 | 225.00 | | 500.00 | 2,355.00 | 112.50 | | | 1,427.50 | 112.50 | | 500.00 | 927.50 |
| May-07 | 440.00 | 43.95 | | 2,838.95 | 220.00 | 21.98 | | 1,669.48 | 220.00 | 21.97 | | 1,169.47 |
| Jun-07 | 942.00 | 21.62 | | 3,802.57 | 471.00 | 10.81 | | 2,151.29 | 471.00 | 10.81 | | 1,651.28 |
| Jul-07 | | 23.74 | | 3,826.31 | | 11.87 | | 2,163.16 | | 11.87 | | 1,663.15 |
| Aug-07 | | 31.74 | | 3,858.05 | | 15.87 | | 2,179.03 | | 15.87 | | 1,679.02 |
| Sep-07 | | 30.72 | | 3,888.77 | | 15.36 | | 2,194.39 | | 15.36 | | 1,694.38 |
| Oct-07 | | 31.74 | | 3,920.51 | | 15.87 | | 2,210.26 | | 15.87 | | 1,710.25 |
| Nov-07 | | 30.72 | | 3,951.23 | | 15.36 | | 2,225.62 | | 15.36 | | 1,725.61 |
| Dec-07 | | 31.74 | | 3,982.97 | | 15.87 | | 2,241.49 | | 15.87 | | 1,741.48 |
| Jan-08 | | 14.83 | 1,991.00 | 2,006.80 | | 7.42 | | 2,248.91 | | 7.41 | 1,991.00 | (242.11) |
| Feb-08 | | 13.87 | | 2,020.67 | | 6.94 | | 2,255.85 | | 6.93 | | (235.18) |
| Mar-08 | | 14.83 | | 2,035.50 | | 7.42 | | 2,263.27 | | 7.41 | | (227.77) |
| Apr-08 | | 14.35 | | 2,049.85 | | 7.18 | | 2,270.45 | | 7.17 | | (220.60) |
| May-08 | | 14.83 | | 2,064.68 | | 7.42 | | 2,277.87 | | 7.41 | | (213.19) |
| Jun-08 | | 14.35 | 2,500.00 | 2,079.03 | | 7.18 | | 2,285.05 | | 7.17 | 2,500.00 | (206.02) |
| Jul-08 | | | | (420.97) | | | | 2,285.05 | | | | (2,706.02) |
| TOTALS | 4,237.00 | 333.03 | 4,991.00 | (420.97) | 2,118.50 | 166.55 | 0.00 | 2,285.05 | 2,118.50 | 166.48 | 4,991.00 | (2,706.02) |

OXANA & ALAN MHTB BILL SUMMARY 123

McCAHAN, HELFRICK, THIERCOF & BUTERA A.C.

Case: 09-57389   Doc# 96-7   Filed: 05/06/11   Entered: 05/06/11 21:52:48   Page 8 of 16

Exhibit J
E-Trade documents detailing 3/12/08 eBay stock option exercise
3 pages



**EMPLOYEE STOCK PLAN EXERCISE CONFIRMATION**

E*TRADE Securities LLC
P.O. BOX 1542
Merrifield, VA 22116-1542
1-800-ETRADE-1 (1-800-387-2331)

www.etrade.com

OXANA WOOTTON
6228 Yeadon Way
SAN JOSE, CA 95119 United States

Employee ID: ▓▓▓319

## Order Summary

| | | | |
|---|---|---|---|
| Order Number: | 14405519 | Gross Proceeds: | $124,261.80 |
| Account: | ▓▓▓8639 | Total Price: | ($32,171.76) |
| Order Type: | Same-Day Sale | Commission: | ($19.95) |
| Company Name (Symbol): | EBAY INC. (EBAY) | Sec Fee: | ($1.37) |
| Shares Exercised: | 4,628 | Broker Assist Fee: | ($0.00) |
| Shares Sold: | 4,628 | Disbursement Fee: | ($0.00) |
| Price Type: | Market | | |
| Limit Price: | N/A | Net Proceeds: | $85,602.53 |
| Term: | Good for Day | | |

## Exercise Details

Exercise Date: 03/12/2008   Exercise Type: Same-Day Sale   Registration:

| | Grant 1 | Grant 2 |
|---|---|---|
| Grant Date: | 10/11/2002 | 10/03/2002 |
| Grant Number: | B14722 | PY000629 |
| Grant Type: | Nonqual | ISO |
| Grant Price: | $14.075 | $0.77 |
| Sale Price: | $26.85 | $26.85 |
| Exercise Market Value: | $26.59 | $26.59 |
| Shares Exercised: | 1,184 | 1,587 |
| Shares Sold: | 0 | 0 |
| Total Gain: | $15,125.60 | $41,381.66 |
| Taxable Gain: | $15,125.60 | $40,976.34 |
| Gross Proceeds: | $0.00 | $0.00 |
| Total Price: | $16,664.80 | $1,221.99 |
| Commission/Fee: | $5.45 | $7.30 |
| Taxes Withheld: | $6,466.19 (Tax Rate / Taxable Gain) | $0.00 (Tax Rate / Taxable Gain) |
| Federal: | $3,781.40 (25.0% / $15,125.60) | $0.00 (25.0% / $0.00) |
| CA-State: | $1,406.68 (9.3% / $15,125.60) | $0.00 (9.3% / $0.00) |
| Social Security: | $937.79 (6.2% / $15,125.60) | $0.00 (6.2% / $0.00) |
| Medicare: | $219.32 (1.45% / $15,125.60) | $0.00 (1.45% / $0.00) |
| CA-VDI: | $121.00 (0.8% / $15,125.60) | $0.00 (0.8% / $0.00) |
| Net Proceeds: | $8,653.96 | $41,381.66 |

None of this information was provided to E*TRADE Securities LLC ("E*TRADE") by your company. E*TRADE does not guarantee the accuracy or completeness of the information provided by your company.

Some of the data shown on this statement is based on your company's records. The company reserves the right to make corrections to the data. All options shown on this statement are subject to the terms of the grants of such awards and of the plan under which the grants were made.

09/25/2008 08:59:49 PM ET

Case: 09-57389   Doc# 96-7   Filed: 05/06/11   Entered: 05/06/11 21:52:48   Page 10 of 16

# E*TRADE FINANCIAL

E*TRADE Securities LLC
P.O. BOX 1542
Merrifield, VA 22116-1542
1-800-ETRADE-1 (1-800-387-2331)

www.etrade.com

**EMPLOYEE STOCK PLAN EXERCISE CONFIRMATION**

OXANA WOOTTON
6228 Yeadon Way
SAN JOSE, CA 95119 United States

Employee ID: ●●●●319

## Exercise Details

| | |
|---|---|
| Exercise Date: 03/12/2008 | Exercise Type: **Same-Day Sale**    Registration: |

| | Grant 3 |
|---|---|
| Grant Date: | 10/03/2002 |
| Grant Number: | PY001680 |
| Grant Type: | ISO |
| Grant Price: | $7.6925 |
| Sale Price: | $26.85 |
| Exercise Market Value: | $26.59 |
| Shares Exercised: | 1,857 |
| Shares Sold: | 0 |
| Total Gain: | $35,566.91 |
| Taxable Gain: | $35,092.66 |
| Gross Proceeds: | $0.00 |
| Total Price: | $14,284.97 |
| Commission/Fee: | $8.57 |
| Taxes Withheld: | $0.00 (Tax Rate / Taxable Gain) |
|  Federal: | $0.00 (25.0% / $0.00) |
|  CA-State: | $0.00 (9.3% / $0.00) |
|  Social Security: | $0.00 (6.2% / $0.00) |
|  Medicare: | $0.00 (1.45% / $0.00) |
|  CA-VDI: | $0.00 (0.8% / $0.00) |
| Net Proceeds: | $35,566.91 |

Some of this information was provided to E*TRADE Securities LLC ("E*TRADE") by your company. E*TRADE does not guarantee the accuracy or completeness of the information provided by your company.

Some of the data shown on this statement is based on your company's records. The company reserves the right to make corrections to the data. All award information on this statement are subject to the terms of the grants of such awards, and of the plan under which the grants were made.

Order Number: 14405519

✓ Your proceeds have been deposited in E*TRADE Securities account ●●●3639.

## Order Summary:

| | |
|---|---|
| Account: | ●●●3639 |
| Order Type: | Same-Day Sale |
| Company Name (Symbol): | EBAY INC.(EBAY) |
| Shares Exercised: | 4,628 |
| Shares Sold: | 4,628 |
| Price Type: | Market |
| Limit Price: | N/A |
| Term: | Good for Day |

## Disbursement Details:

| | |
|---|---|
| Gross Proceeds: | $124,261.80 |
| Total Price: | $32,171.76 |
| Commission: | $19.95 |
| SEC fee: | $1.37 |
| Broker Assist Fee: | $0.00 |
| Disbursement Fee: | $0.00 |
| Taxes Withheld: | $6,466.19 |
| Net Proceeds: | $85,602.53 (USD) |

## Grant Details:

| Grant Date | Number | Type | Price | Shares Exercised | Shares Sold |
|---|---|---|---|---|---|
| 10/11/2002 | B14722 | Nonqual | $14.075 | 1,184 | 1,184 |
| 10/03/2002 | PY000629 | ISO | $0.77 | 1,587 | 1,587 |
| 10/03/2002 | PY001680 | ISO | $7.6925 | 1,857 | 1,857 |

## Order History:

| Transaction | Date & Time | Exercise Quantity | Sale Quantity | Price |
|---|---|---|---|---|
| Order Placed | 03/12/2008 02:29:16 PM ET | 4,628 | 4,628 | MKT |
| Order Executed | 03/12/2008 02:29:19 PM ET | — | 400 | $26.85 |
| Order Executed | 03/12/2008 02:29:19 PM ET | — | 200 | $26.85 |
| Order Executed | 03/12/2008 02:29:19 PM ET | — | 100 | $26.85 |
| Order Executed | 03/12/2008 02:29:19 PM ET | — | 200 | $26.85 |
| Order Executed | 03/12/2008 02:29:19 PM ET | — | 100 | $26.85 |
| Order Executed | 03/12/2008 02:29:36 PM ET | — | 3,628 | $26.85 |

[PRINT THIS PAGE]  [CLOSE WINDOW]

Exhibit K
Claimant Oxana Wootton's October 13, 2009 e-mail to Debtor Alan Wootton
1 page

From: alan wootton (alex_woods66@yahoo.com)
To: oxanawootton2002@yahoo.com;
Date: Tue, October 13, 2009 9:59:13 AM
Cc: wendywootton@ymail.com; JesseLK@aol.com;
Subject: Re: Taxes on sale of stock options

I do not agree.

Alan Wootton : alan@gotohere.com

---

From: Oxana Wootton <oxanawootton2002@yahoo.com>
To: alan wootton <alex_woods66@yahoo.com>
Cc: Wendy Wootton <wendywootton@ymail.com>; Jesse Krenzel <JesseLK@aol.com>
Sent: Tue, October 13, 2009 12:35:07 AM
Subject: Taxes on sale of stock options

Alan,

I have consulted with my accountant on the filing of my 2008 tax returns, including the reporting of the gains on the sale of your half of my Ebay stock options.

I have been informed that it is possible for me to disclaim the gain on my own return and for you to declare it on your tax return for 2008. However, I am also informed that, if I do so, and you do not pay the taxes, the IRS will come after me for the unpaid taxes plus interest and penalties. Because you have a history of not paying your taxes, and because according to your recent Chapter 13 filing you do not have the cash required to pay the taxes on these gains, I cannot take the risk of not reporting the gains on my own return.

I will of course give you a credit against your back support payments in the amount of the gains of the stock sale minus the taxes I must pay, in accordance with our divorce judgment of 2007.

Oxana

Exhibit L
Ms. Hunsinger's October 9, 2008 letter
1 page

**OBJECTION TO CLAIM 13  (Case no. 09-57389)**

Case: 09-57389    Doc# 96-7    Filed: 05/06/11    Entered: 05/06/11 21:52:48    Page 15 of 16

Law Offices
**SUZANNE E. HUNSINGER**
*1177 Branham Lane #192*
*San Jose, California 95118*

October 9, 2008

Ronald Meckler
Attorney at Law
1 Almaden Blvd., #560
San Jose, CA 95113

Jesse Krenzel
Attorney at Law
1871 The Alameda, #205
San Jose, CA 95126

Re:  Marriage of Wootton
     Division of Retirement Benefits

Dear Mr. Meckler and Ms. Wootton:

Enclosed please find the QDROs for both the Micron and the eBay plans. No changes have been made to the draft of the Micron QDRO sent to you on August 15, as it was pre-approved as written.

The eBay order was modified in response to a letter from the Plan. The parties received copies of the letter from the Plan and I am enclosing copies for counsel. Because of the way that I had written the draft QDRO, the Plan requested statements from October of 2000 through November of 2004. Rather than have Ms. Wootton try to locate those statements, I rewrote that portion of the QDRO to simply divide as of date of separation, plus or minus investment earnings or losses.

Please review the QDROs with your respective clients and, if there are no objections, please sign as indicated. Once everyone has signed the QDROs, please return them to my office and I will have them filed and served on the Plans.

Thank you for your attention to this matter. If you have any questions, please contact my office.

Very truly yours,

*[signature]*
SUZANNE HUNSINGER

enc.
cc:  Alan Wootton
     Oxana Wootton

Telephone (408) 445-7300   *   Facsimile (408) 445-7302   *   E-mail - Hunsingerlaw@hotmail.com