Brooke L. Miller (CA Bar 266065)
MILLER LEGAL SERVICES
158 Shrader St., #3
San Francisco, CA 94117
(415) 810-8815
(415) 592-8846

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ALAN T. WOOTTON and<br>WENDY L. WOOTTON,<br><br>Debtors. | Case No. 09-57389-ASW<br><br>Chapter 13<br><br>**DECLARATION OF BROOKE L. MILLER IN SUPPORT OF REPLY IN OPPOSITION TO MOTION FOR ORDER DIRECTING PRODUCTION OF DOCUMENTS AND EXAMINATION UNDER BANKRUPTCY RULE 2004**<br><br>Date: May 17, 2011<br>Time: 1:45 p.m.<br>Location: U.S. Bankruptcy Court<br>280 1st St., Ctrm. 3020<br>San Jose, CA<br>Judge: Hon. Arthur S. Weissbrodt |

I, Brooke L. Miller, declare the following:

    1.    I am the attorney for Debtors Alan and Wendy Wootton in the above-captioned Chapter 13 bankruptcy case.

    2.    Interested Party Oxana Wootton (the "Interested Party") is the former spouse of Debtor Alan Wootton ("Alan"). Alan and Interested Party separated on November 11, 2004 and their divorce was made final on December 31, 2007. I am informed and believe that there are open issues respecting Alan and Interested Party's family law proceedings that remain within the jurisdiction of the family court.

1
**DECL. OF BROOKE L. MILLER IN SUPPORT OF REPLY – Case No. 09-57389**

3. I am informed and believe that Alan became unemployed in January 2007 and remained so for approximately two years. Due to such unemployment, Alan was forced to live on the savings in his retirement account from a previous employer.

4. I am informed and believe that Alan was required to pay Interested Party over $300,000 for her community share in Alan's house, per court order.

5. I am informed and believe that Interested Party failed to turn over more than $92,000 to Alan as ordered by the family court.

6. I am informed and believe that Alan was forced to short sale his home in 2008.

7. I am informed and believe that the Debtors' income unexpectedly increased approximately one year after their bankruptcy case was filed. The income increase was due to Alan's employer, Playdom, Inc., being purchased by the Walt Disney Company.

8. I am informed and believe that the increase of income for the Debtors was initially paid in the form of cash proceeds for the sale of Playdom, Inc., stock. I am informed and believe that, out of the initial payment of stock sale proceeds, the Debtors used 3% of the total payment for a retirement contribution.

9. I had discussion with Kari Silva, counsel for Interested Party ("Ms. Silva"), regarding her Rule 2004 Motion (the "2004 Motion") beginning on or about March 10, 2011 and continuing to date. During such discussions, I informed her that I believed the 2004 Motion to be an improper discovery tool in light of the contested matter that would soon be pending between our clients.

10. I informed Ms. Silva of my intention to file objections to her client's two claims against the Debtors as early as February 8, 2011, during a face-to-face conversation I had with her in the U.S. Bankruptcy Courthouse in San Jose, CA.

11. In an e-mail to Ms. Silva on March 18, 2011, I confirmed for her my intention to file objections to Interested Party's claims. A true and correct copy of my March 18, 2011 e-mail is attached hereto as Exhibit A.

12. On April 20, 2011, I was informed by the Debtors that two subpoenas had been issued to Alan's employer by Interested Party's family law attorney. True and correct copies of

the two subpoenas are attached hereto as Exhibit B. I am informed and believe that the subpoenas were responded to and that documents were produced pursuant to them.

13. I have attempted to negotiate the terms of Ms. Silva's desired 2004 examination. On April 24, 2011, I informed Ms. Silva about the two subpoenas. I also offered to produced most of the documents requested by Interested Party. My offer was refused by Ms. Silva on May 3, 2011. True and correct copies of the letters exchanged between Ms. Silva and myself are attached hereto as Exhibit C.

14. As of May 9, 2011, the document production requests in Ms. Silva's latest proposed stipulation are substantially the same as they were in her first proposed stipulation. A true and correct copy of the latest proposed stipulation is attached hereto as Exhibit D.

15. I am informed and believe that the relationship between the Debtors and Interested Party is contentious at best and, with respect to Interested Party, abusive at worst. Specifically, Interested Party has sent multiple e-mails to the Debtors since their bankruptcy case was filed that may have violated the automatic stay. Other e-mails imply the Debtors have engaged in immoral and/or illegal behavior. True and correct copies of post-petition e-mails between the Debtors and Interested Party are attached hereto as Exhibit E.

16. I am informed and believe that Alan is currently 55 years old and is the only income-earner among the Debtors.

17. I am informed and believe that Alan supports the three minor children from his marriage to Interested Party as well as Debtor Wendy Wootton's minor daughter, Alan's stepdaughter.

I declare under penalty of perjury of the laws of the United States of America and the State of California that the foregoing is true and correct. This declaration was executed in San Francisco, CA.

Dated: May 9, 2011

MILLER LEGAL SERVICES

/s/ Brooke L. Miller
Brooke L. Miller
Attorney for Debtors Alan T. and Wendy L. Wootton