CAMPEAU GOODSELL SMITH, L.C.
SCOTT L. GOODSELL, #122223
KARI L. SILVA, #257033
440 N. 1st Street, Suite 100
San Jose, California 95112
Telephone: (408) 295-9555

Attorneys for Interested Party
Oxana Wootton

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

In re:

Alan T. and Wendy Lynn Wootton

   Debtors.

Case No. 09-57389 ASW

Chapter 13

Date: July 26, 2011
Time: 1:45 P.M.
Location: United States Bankruptcy Court, 280 South First St., San Jose, CA
Courtroom: 3020
Judge: Hon. Arthur Weissbrodt

## **EVIDENTIARY OBJECTION AND MOTION TO STRIKE**

Oxana Wootton ("Creditor") makes the following evidentiary objections to:

**I. Declaration of Wendy L Wootton in Support of Debtors' Motion to Dismiss Pursuant to 11 U.S.C. §1307(b)(Docket No. 119).**

1. Creditor requests that the court strike the entire Declaration of Wendy Wootton from the record. Creditor requested to take a limited 2004 examination of Wendy Wooton on June 22, 2011 based on the statements filed in Debtors' Reply to Creditor's Supplemental Opposition to Motion to Dismiss Pursuant to 11 U.S.C. §1307(b), where for the first time Creditor became aware that Wendy Wootton may be the person most knowledgeable in regards the expenses of her and Alan Wootton. The request was denied on Friday June 24, 2011.

///

1

## II. Declaration of Alan T. Wootton in Support of Debtors' Motion to Dismiss Pursuant to 11 U.S.C. §1307(b) (Docket No. 118)("Alan Wootton's Declaration")

1. Creditor objects and asks the court to strike paragraph 2, 3, 4, 5, 6, 7, 8, 10 pursuant to FRE Rule 402 and Rule 403 as the statements are not relevant to the motion to dismiss.

2. Creditor objects and asks the court to strike paragraph 11, 16, and 17 pursuant to FRE Rule 502 unless the Debtors files a statement waiving their attorney client privilege.

## III. Declaration of Brooke L. Miller in Support of Debtors' Motion to Dismiss Pursuant to 11 U.S.C. §1307(b) (Docket No. 120).

1. Creditor objects and asks the court to strike paragraph 11 of the declaration pursuant to FRE Rule 408 as this is evidence of compromise and offer to compromise. Additionally, the offer as stated is not the complete offer provided to Creditor and could mislead the court.

2. Creditor objects and asks the court to strike paragraph 12 of the declaration pursuant to FRE Rule 602 as the declarant has no personal knowledge as to what is or what is not owed for post-petition support. Further the statement is hearsay pursuant to FRE Rule 801 and Rule 802.

## IV. Notice of Reply and Reply to Opposition to Debtors' Motion to Dismiss Pursuant to 11 USC §1307(b) (Docket No. 117)

1. Creditor objects and asks the court to strike to page 2 lines 10 to 21, pursuant to Federal Rules of Evidence ("FRE") Rule 402 and FRE Rule 403, as the statements are not relevant to the motion to dismiss.

2. Creditor objects and asks the court to strike to page 2 lines 27 - 28 and page 3 line1, pursuant to FRE Rule 602 as the statements are made without personal knowledge.

3. Creditor objects and asks the court to strike page 3 lines 3 - 9 as the statements are made without personal knowledge and the statements made exceed the statements made in the Declaration of Alan T. Wootton.

4. Creditor objects and asks the court to strike page 3 lines 10 - 11 as it is based on the Declaration of Wendy Wootton.

5. Creditor objects and asks the court to strike page 3 lines 17 - 18 pursuant to FRE Rule 602. The statements are made without personal knowledge.

6. Creditor objects and asks the court to strike page 4 lines 22 - 28 and page 5 lines 1 - 6 pursuant to FRE Rule 602 as the statements are made without personal knowledge.

7. Creditor objects to and asks the court to strike page 5 lines 12 - 16 pursuant to FRE Rule 602 as the statements are made without personal knowledge.

8. Creditor objects and asks the court to strike page 6 lines 13 - 20 pursuant to FRE Rule 602 as statements are made without personal knowledge.

9. Creditor objects and asks the court to strike page 6 lines 20- 28 and page 7 lines 1 - 6 pursuant to FRE Rule 402 and FRE Rule 403 as the statements are not relevant to the current matter.

10. Creditor objects and asks the court to strike page 7 lines 25 - 27 as there has been no ruling of the court that shows Creditor's claims lack any merit or are unfounded and the evidence shows otherwise.

11. Creditor objects and asks the court to strike page 8 lines 3 - 11 pursuant to FRE Rule 602 as the statements are made without personal knowledge of the speaker or improperly are based on the Declaration of Wendy Wootton.

12. Creditor objects and asks the court to strike the statements made on page 8 lines 8 – 9 as the matter of post petition support was not heard. Creditor further objects pursuant to FRE Rule 602 as the statement is made without personal knowledge.

13. Creditor objects and asks the court to strike the statements made on page 8 lines 13 – 20 as the matter was never before the court and therefore is without factual support and are untrue. Creditor further objects pursuant to FRE Rule 602 as the statements are made without personal knowledge.

14. Creditor objects and asks the court to strike the statements made on page 8 lines 20 - 24 pursuant to FRE Rule 602 as the statements are made without personal knowledge .

15. Creditor objects and asks the court to strike page 8 lines 1 - 28, page 9 lines 1 - 28, page 10 2 - 7 pursuant to FRE Rule 402 and FRE Rule 403 as the statements are not relevant to the current matter.

16. Creditor objects and asks the court to strike page 10 lines 8 - 15 pursuant to FRE Rule 602 as

the statements are made without personal knowledge of the speaker.

17. Creditor objects and asks the court to strike page 10 lines 15-16 pursuant to FRE Rule 502 unless the Debtors file a statement waiving their attorney client privilege.

18. Creditor objects and asks the court to strike page 10 lines 19 - 28, page 11 lines 1 - 28, page 12 lines 1 - 28, and page 13 lines 1 - 2 pursuant to FRE Rule 402 and FRE Rule 403 as the statements are not relevant to the current matter.

19. Creditor objects and asks the court to strike page 13 lines 3 - 8 pursuant to FRE Rule 408 as this is evidence of compromise and offer to compromise. Additionally, the offer as stated is not the complete offer provided to Creditor and is therefore misleading to the Court.

20. Creditor objects and asks the court to strike page 13 lines 9 - 28 pursuant to FRE Rule 602 as the statements are made without personal knowledge and are hearsay pursuant to FRE Rule 801 and Rule 802.

**V. Debtors' Reply to Creditor's Supplemental Opposition to Motion to Dismiss Pursuant to 11 USC §1307(b)(Docket No. 123)**

1. Creditor objects to page 3 lines 17 - 24 pursuant to FRE Rule 602 and pursuant to FRE Rule 402 and Rule 403 as the declarant has no personal knowledge of the statements made.

2. Creditor objects to page 4 lines 6 - 18 pursuant to FRE Rule 602. The schedules are signed under penalty of perjury of the Debtors not their counsel. The declarant attorney has no personal knowledge of the finances of her clients. Further the statements are hearsay pursuant to FRE 801 and 802. Creditor further objects to the statements pursuant to FRE Rule 502 unless the Debtors are willing to file a statement waiving their attorney client privilege.

3. Creditor objects to page 3 lines 24 - 28 and page 4 lines 1 - 16 pursuant to FRE Rule 602. The schedules are signed under penalty of perjury of the Debtors not their counsel. The declarant attorney has no personal knowledge of the finances of her clients. Further the statements are hearsay pursuant o FRE 801 and 802. Creditor further objects to the statements pursuant to FRE Rule 502 unless the Debtors are willing to file a statement waiving their attorney client privilege.

4. Creditor objects to page 5 lines 2 - 25 pursuant to FRE Rule 602 as the statements are made without personal knowledge of the speaker.

5. Creditor objects to page 6 lines 2 - 27 page 7 lines 1 - 22 pursuant to FRE Rule 602 as the statements are made without personal knowledge of the speaker. Further, to the extent the speaker retrieved the information by another party the information is hearsay pursuant to FRE Rule 801 and Rule 802.

6. Creditor objects to page 7 lines 25 - 28 and page 8 lines 1 - 3 pursuant to FRE Rule 602 as the statements are made without personal knowledge of the speaker and are hearsay pursuant to FRE Rule 801 and Rule 802.

7. Creditor objects to page 8 lines 10 to 16 pursuant to FRE Rule 602 as the statements are made without personal knowledge of the speaker. Further the statements are hearsay pursuant to FRE Rule 801 and Rule 802.

8. Creditor objects to page 8 lines 21 - 28 and page 8 lines 1 - 4 pursuant to FRE Rule 402 and FRE Rule 403 as the statements are not relevant to the current matter.

9. Creditor objects to page 9 - 17 pursuant to FRE Rule 602 as the statements are made without personal knowledge of the speaker. Further the statement is hearsay pursuant to FRE Rule 801 and Rule 802.

**VI.** **Declaration of Brooke L. Miller in Support of Reply to Creditor's Supplemental Opposition to Debtors' Motion to Dismiss Pursuant to 11 U.S.C. §1307(b) (Docket No. 123-1)**

1. Creditor objects and asks the court to strike paragraph 1 and 2 of the declaration pursuant FRE Rule 602 as the schedules are signed under penalty of perjury of the Debtors not their counsel. The declarant attorney has no personal knowledge of the finances of her clients. Further the statements are hearsay pursuant o FRE 801 and 802. Creditor further objects to the statements pursuant to FRE Rule 502 unless the Debtors are willing to file a statement waiving their attorney client privilege.

2. Creditor objects to paragraph 5 pursuant to FRE Rule 602 as the statements are made without personal knowledge of the speaker and further are hearsay pursuant to FRE Rule 801 and Rule

802.

Respectfully Submitted,

Dated: June 27, 2011							CAMPEAU GOODSELL SMITH

By: */s/: Kari L. Silva*
    Kari L. Silva
    Attorneys for Oxana Wootton