Brooke L. Miller (266065)
MILLER LEGAL SERVICES
158 Shrader St., #3
San Francisco, CA 94117
(415) 810-8815
(415) 592-8846

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ALAN T. WOOTTON and<br>WENDY L. WOOTTON,<br><br>Debtors. | Case No. 09-57389-ASW<br><br>Chapter 13<br><br>**DEBTORS' RESPONSE TO CREDITOR OXANA WOOTTON'S EVIDENTIARY OBJECTION AND MOTION TO STRIKE**<br><br><u>Hearing Set</u><br>Date:     July 26, 2011<br>Time:     1:45pm<br>Location: U.S. Bankruptcy Court<br>              280 S. 1st St., Ctrm 3020<br>              San Jose, CA 95113<br>Judge:    Hon. Arthur S. Weissbrodt |

TO THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY JUDGE

On June 27, 2011, Creditor Oxana Wootton ("Creditor") filed an Evidentiary Objection and Motion to Strike (the "Motion") (Docket no. 124) regarding all or parts of certain documents filed by Debtors Alan and Wendy Wootton ("Debtors") on June 16, 2011 and June 19, 2011. Docket nos. 117-120, 123-123-1. Creditor's Motion should be denied on the grounds that Creditor seeks to use it improperly, that it violates Fed. R. Bankr. P. 7007(b)(1)(B) and (C), and that it fails to satisfy the standard necessary for it to be granted.

//

1
**RESPONSE TO EVID. OBJ & MOT. TO STRIKE (Case no. 09-57389)**

Case: 09-57389    Doc# 127    Filed: 07/05/11    Entered: 07/05/11 16:25:55    Page 1 of 9

## I. INTRODUCTION

Creditor's Motion is governed by the Federal Rules of Civil Procedure as adopted by the Federal Rules of Bankruptcy Procedure. Two such rules are particularly relevant to Creditor's Motion. The first is Fed. R. Civ. P. 7, adopted as Fed. R. Bankr. P. 7007, and it governs pleadings and the form of motions and other papers. First, Rule 7007 gives a seven-part definition of a "pleading" and then, in subsection b, it states in part: "Motions and Other Papers. (1) In General. A request for a court order must be made by motion. The motion must: ... (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." Fed. R. Bankr. P. 7007.

The second rule is Fed. R. Civ. P. 12(f), adopted as Fed. R. Bankr. P. 7012(f), which states in relevant part, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Bankr. P. 7012(f).

The interplay of Rules 7007 and 7012 proscribes the use of a motion to strike as Creditor seeks to use it here. Furthermore, the requirements of Rule 7007 have not been met in Creditor's Motion to the extent it is only an objection to the Debtors' pending Motion to Dismiss[1].

It should also be noted that motions to strike are disfavored by the courts. *Ali v. N.Y. City Transit Auth.*, 176 F.R.D. 68, 70 (E.D.N.Y. 1997); *Morgan v. Duro Paper Bag Mfg. Co.*, 22 F.R.D. 508, 510 (S.D.Ind. 1957); *Sample v. Gotham Football Club, Inc.*, 59 F.R.D. 160, 168 (S.D.N.Y. 1973). Motions to strike should only be granted where the insufficiency of the item to be struck is clearly apparent. *Ali* at 70.

//

//

//

---

[1] Docket no. 105.

## II. LEGAL ARGUMENT

### A. Creditor's Motion to Strike Must Fail Because It Is an Improper Attack on the Debtors' Motions and Declarations.

A motion to strike is not the proper attack method to use in order to strike motions or declarations[2]. "A motion to strike is only appropriately addressed toward matters contained in the pleadings, *Fed.R.Civ.P. 12(f)*, and affidavits submitted in support of a motion are clearly not within that category." *Friedlander v. Troutman*, 595 F. Supp. 1442, 1443 (N.D.Ga.1984). In *Friedlander*, a defendant moved to strike the affidavit of the plaintiff. The first thing the court did was deny the defendant's motion to strike the affidavit, pointing out that affidavits or declarations in support of or in opposition to a motion were not properly attacked via a Rule 12(f) motion to strike. *Id*.

Like declarations, motions cannot be attacked by a motion to strike. The terms of Rule 12(f) "make clear that 'only material included in a "pleading" may be subject of a motion to strike. … Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.'" *Lowery v. Hoffman*, 188 F.R.D. 651, 653 (M.D.Ala. 1999). In *Lowery*, the plaintiff moved to strike all documents filed by the defendant, including briefs, motions, pleadings and affidavits. *Id*. at 652. The court looked to the meaning of "pleading", listed in Fed. R. Civ. P. 7(a), and pointed out that motions and affidavits were not within its meaning. Early in its decision, the court stated: "[A]s an initial matter, the motion to strike must be denied as to all non-pleadings..." *Id*. at 653. Also see *Morroni v. Gunderson*, 169 F.R.D. 168, 170 (M.D.Fla. 1996).

Here, Creditor asks the Court to strike all of Debtor Wendy Wootton's declaration and parts of the Debtors' other declarations and motions filed in relation to their Motion to Dismiss. Docket no. 124, Sections I, II, III, IV and VI ¶1. The clear weight of the law requires that

---

[2] Pursuant to 28 U.S.C.A. § 1746, affidavits and declarations signed under penalty of perjury are treated the same.

Creditor's Motion be denied to the extent it is a Rule 12(f) motion to strike since it seeks to improperly strike documents a motion to strike cannot attack.

### B. Creditor's Motion Fails Because It Is Not Properly Drafted According to Rule 7007.

Rule 7007(b) requires that a motion state with particularity the grounds for seeking a court order and state the relief sought. Particularity means "great attention to detail" or "the quality of being precise." Collins English Dictionary (10th ed. 2009). Whether considered as a motion to strike or as merely an objection, Creditor's Motion does not meet the requirements of Rule 7007.

Here, Creditor asserts that ten statements made in the Debtors' motions and declarations are hearsay. Examples are at Docket no. 124, 2:13 and 4:19. However at no point does Creditor state with particularity the grounds upon which her assertions of hearsay rest. Creditor's Motion lacks the required particularity in other ways too. For example, at 5:15-16, Creditor fails to make a clear reference to an offending section of Debtors' Reply to Supplemental Opposition (Docket no. 123). Creditor also makes repetitive assertions. At 4:17-28, Creditor makes two separate assertions of evidentiary problems that cover essentially the same portion of the Debtors' Reply. The Creditor's Motion lacks the particularity required by Rule 7007.

Creditor's Motion also fails to state the relief Creditor seeks from the Court, as required by Rule 7007(b)(1)(C). As discussed, to the extent Creditor's Motion is a motion to strike, it must fail. Without any requests to strike, the Motion makes no statements of the relief sought. In particular, all of Section V suffers from the lack of a relief statement. Each numbered paragraph in Section V begins with "Creditor objects..." and fails to end with any statement of the relief sought. It is also notable that the Motion contains no conclusion and no prayer for relief at its end, which is wholly dissimilar to every other motion filed by Creditor in relation to the Debtors' Motion to Dismiss. Because the Motion is not drafted in accordance with the requirements of

Rule 7007, it should be denied.

### C. Creditor's Motion Fails Because It Does Not Satisfy the Burden Needed in Order to Be Granted.

Motions to strike under Rule 12(f) are not favored and may be granted only if the insufficiency of the item to be struck is clearly apparent. *Ali v. N.Y. City Transit Auth.*, 176 F.R.D. 68, 70 (E.D.N.Y. 1997). If the item to be struck is sufficient as a matter of law, the motion will be denied. … The court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the item to be struck be valid or sound. *Id*. Even if Creditor's Motion is a proper attack method or to the extent it is only an evidentiary objection, it should be denied because it does not meet the standard described in the *Ali* case. The Motion leaves too many questions open and is not sufficiently convincing.

First, the Motion leaves open too many questions with respect to Federal Rules of Evidence 408 and 502. FRE 408 prohibits the use of any evidence of an offer to settle or compromise where such evidence is offered to prove liability for, invalidity of or the amount of a claim. The evidence offered regarding the Debtors' offer to pay Creditor $27,000 (see Docket no. 120, ¶11 and Docket no. 117, 13:3-8) was not offered for any of the prohibited uses. It was offered to show that the Debtors have acted and are continuing to act in good faith with respect to their creditors and their bankruptcy case. Docket no. 117, 13:3-8. Also, contrary to Creditor's allegation, evidence of the complete offer was submitted to the Court.

FRE 502 governs the waiver of attorney-client privilege where communication or information subject to the privilege is disclosed intentionally or inadvertently. Creditor's assertions based on FRE 502 fail because none of the allegedly offensive disclosures where subject to the attorney-client privilege. The first disclosure Creditor attacks is at Docket no. 118, ¶11, where Debtor Alan Wootton states he informed his former bankruptcy attorney of his

Playdom, Inc. stock prior to filing bankruptcy and that he thought the stock was worthless at the time. The same information was disclosed to Creditor during the Rule 2004 examination that took place on June 10, 2011. See Declaration of Brooke L. Miller in Support of Response to Evidentiary Objection and Motion to Strike ("Miller Decl.") filed concurrently herewith, ¶2. The same is true for the disclosures attacked by Creditor at Docket no. 124, 4:17-28 and 5:21-26[3]. Creditor's other attacks of the Debtors' evidence based on a violation of FRE 502, found at Docket no. 124, 2:4-6, fail as well because the evidence offered were statements of Debtor Alan Wootton's own beliefs and not communications covered by the attorney-client privilege.

The second way in which the Motion does not meet the *Ali* standard is that the Motion does not make a sufficient showing that under no set of circumstances could the offered evidence be valid or sound. Most of the Motion's allegations are no longer than three lines, and few of them contain any description of the factual ground on which they should be decided. Even where a reason is given, the reason does not provide a convincing argument. The best example of this can be found at every one of Creditor's allegations of a violation of FRE 402 and 403.

FRE 402 and 403 govern the relevancy of admissible evidence. A relevant item is an item that is logically connected and tends to prove or disprove a matter in issue. Black's Law Dictionary 1316 (8th ed. 2004). Creditor asserts that everything from the division of marital property agreed to by Debtor Alan Wootton and Creditor to the reasons the Debtors have to move for a voluntary dismissal of their case is irrelevant. Docket no. 124. By doing so, Creditor seems to forget that the matter in issue in Debtors' Motion to Dismiss is whether or not the Debtors have acted in bad faith with respect to their bankruptcy case. In order to measure bad faith, the Debtors' conduct in light of the totality of the circumstances should be considered. Not only does Creditor object to the relevancy of evidence showing the Debtors' good faith conduct,

---

[3] Documentation supporting the statements made at the Rule 2004 examination was produced and disclosed to Creditor by the examination.

she objects to relevant evidence submitted by the Debtors that tends to disprove Creditor's own allegations made in her Supplemental Opposition (Docket no. 122). Docket no. 124, 4:15-16 and 5:13-14. Creditor fails to show that there is no way the offered evidence would be relevant and admissible.

Creditor fails to make the same convincing showing with respect to her assertions of violations of FRE 602, which states that testimony on a matter cannot be made unless evidence is introduced to support a finding that the testifying person has personal knowledge of the matter. Creditor makes a total of twenty-two assertions that offered evidence was not supported by personal knowledge. The assertions fail for multiple reasons. In some cases, the attacked evidence is in fact based on the testifying person's personal knowledge. One example is Creditor's attack on paragraphs 1 and 2 of Debtors' counsel's June 19th declaration (Docket no. 123-1). Docket no. 124, 5:21-26. The testimony in the two paragraphs regards calculations made by Debtors' counsel in order to accurately report the Debtors' current monthly income. The testimony is based on Debtors' counsel's personal knowledge as Debtors' counsel is the person who made the calculations. The calculations are based on pay stub documentation attached as an exhibit to Debtors' counsel's June 19th declaration. Even without the pay stub documents, the testimony given is based on personal knowledge. Other examples of testimony Creditor alleges is not based on personal knowledge but which is in fact so based can be found at Docket no. 124, 3:27 to 4:1 and 4:10-12. There, the attacked testimony is clearly supported by Debtor Alan Wootton's personal knowledge, as stated in his June 16th declaration.

Other assertions of FRE 602 violations fail because they attack statements in the Debtors' documents which were not originally based on personal knowledge. At Docket no. 124, 2:20-21, Creditor asserts that the statements made in the Debtors' June 16th Reply at 2:27 – 3:1 lack a foundation of personal knowledge and so should be struck. The statements do not suffer such

7
RESPONSE TO EVID. OBJ & MOT. TO STRIKE (Case no. 09-57389)

infirmity because they are based on the court docket and not on anyone's personal knowledge. Creditor's assertions at Docket no. 124, 3:15-24 fail for the same reason.

Still more of the assertions of FRE 602 violations fail. Some of the attacked statements are supported by the personal knowledge of the speaker even though the reference to the basis of the personal knowledge was inadvertently not made. For example, at Docket no. 124, 3:5-6, Creditor attacks the statements made in Debtors' June 16th Reply at 6:13-20. The statements therein were based on the personal knowledge of Debtor Alan Wootton as stated in his June 16th declaration. Although clear references to relevant declaration paragraphs were inadvertently not made, the personal knowledge for the statements is shown in the declaration itself. Citing the lack of personal knowledge, Creditor also objects to statements that are merely the summary or conclusion of arguments made in the Debtors' motions. These assertions must also fail because the statements made are supported within the context of the entire argument. Examples of these assertions are at Docket no. 124, 3:1-4.

In summary, Creditor's Motion leaves too many questions open and fails to convincingly show that under no set of circumstances could the offered evidence be admissible. The Motion fails to satisfy the burden needed in order to be granted. Therefore, the Motion should be denied.

**D.    Creditor's Motion with Respect to the Declaration of Debtor Wendy Wootton is Misleading to the Court and Should be Denied.**

Creditor objects to and would like to have struck the entire declaration of Debtor Wendy Wootton (Docket no. 119). Docket no. 124, 1:21-27. The basis of Creditor's objection and motion to strike as stated is misleading to the Court. In fact, on June 21, 2011, Creditor requested that a deposition be scheduled for Debtor Wendy Wootton. Due to Mrs. Wootton's high-risk pregnancy, she must avoid high-stress environments. This was explained to Creditor's counsel on June 24, 2011. Miller Decl., ¶3. Only a deposition scheduled during the remainder of Mrs. Wootton's high-risk pregnancy was refused. Other discovery tools were available for

8
RESPONSE TO EVID. OBJ & MOT. TO STRIKE (Case no. 09-57389)

use by Creditor. Also, contrary to the statements in Creditor's Motion, Mrs. Wootton has been a debtor in this case since the case was filed. For almost two years, Creditor had sufficient notice that Mrs. Wootton had knowledge related to the Debtors' expenses and assets. There is no basis to grant Creditor's Motion with respect to Mrs. Wootton's declaration.

## II.  CONCLUSION

Creditor's Evidentiary Objection and Motion to Strike should be denied because it is an improper attack on the Debtors' motions and declarations, it violates Fed. R. Bankr. P. 7007 and it fails to satisfy the standard necessary for it to be granted.

Dated: July 5, 2011                                                            MILLER LEGAL SERVICES

/s/ Brooke L. Miller
Brooke L. Miller
Attorney for Debtors Alan T. and Wendy L. Wootton