Brooke L. Miller (CA Bar 266065)
MILLER LEGAL SERVICES
158 Shrader St., #3
San Francisco, CA 94117
(415) 810-8815
(415) 592-8846

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re. | Case No. 09-57389-ASW |
| ALAN T. and WENDY L. WOOTTON, | Chapter 13 |
| Debtors. | **PRE-HEARING CONFERENCE STATEMENT** |
| | Hearing Date: July 26, 2011<br>Time: 1:45pm<br>Courtroom: 3020<br>Judge: Hon. Weissbrodt |

COME NOW DEBTORS in response to the Objection to Confirmation issued by Trustee Devin Derham-Burk and Creditor Oxana Wootton:

    1. <u>Date Objection Filed</u>

    Trustee: October 15, 2009; November 16, 2009 (First Amended); February 4, 2010 (Second Amended); April 21, 2011 (Third Amended).

    Oxana Wootton: October 19, 2009.

    2. <u>Date of Initial Conference and Subsequent Conferences</u>

    Trustee: None.

    Oxana Wootton: November 2009; December 2009; March 2010.

//

1
**Pre-Hearing Conference Statement for July 26, 2011 (Case no. 09-57389)**

Case: 09-57389    Doc# 131    Filed: 07/12/11    Entered: 07/12/11 19:52:00    Page 1 of 3

3. Statement of Legal and Factual Issues

**Trustee:** The Trustee objects to confirmation of The Debtors' plan on the grounds that: (1) the Debtors failed to file a proof of service showing that all creditors were noticed of the First Amended Plan filed on March 30, 2011; and (2) the Debtors' First Amended Plan may violate Section 1322(d) as it appears to exceed 60 months.

With respect to the first point of Trustee's objection, the Debtors filed a proof of service showing that all creditors have been properly noticed of the First Amended Plan on April 22, 2011.

With respect to the second point of Trustee's objection, any possible plan deficiency is directly caused by the priority claims of Creditor Oxana Wootton, who has filed two proofs of claim for certain support arrears. The Debtors and counsel believe the claims are excessive. The Debtors filed objections to each of Creditor's claims (on April 4, 2011 for Claim 14, and on May 6, 2011 for Claim 13). Claim 14 was amended by Creditor on April 15, 2011 and it was reduced to zero. Claim 13 remains in dispute.

The Debtors moved to voluntarily dismiss their case on May 24, 2011. A hearing on their motion to dismiss is set for July 26, 2011. Should their case not be dismissed, the Debtors will file amendments to Schedules I & J and the Plan.

**Oxana Wootton:** Oxana Wootton, Debtor Alan Wootton's former wife, objects to confirmation of the Debtors' plan on the grounds that: (1) the petition was not filed in good faith as the primary purpose of filing appears to have been to avoid the effect of the orders of the Family Court; (2) since the filing of the bankruptcy petition, the Debtors have failed to pay the domestic support obligations owing pursuant to the November 9, 2007 Judgment for Dissolution from Santa Clara County Superior Court; and (3) the proposed plan is insufficient to pay all amounts due for pre-petition priority claims.

The Debtors categorically reject the first and second contentions of Creditor's objection. The petition was filed in good faith in order to pay all creditors of the Debtors, including Creditor Oxana Wootton. With respect to the second contention, the Debtors have paid all post-petition support obligations in full. With respect to the third contention, the true amount of pre-

petition support arrears is in dispute.  Also, the Debtors have moved for voluntary dismissal of their case.  If dismissal is denied, the Debtors will amend their Schedules I & J and their Plan to account for their changed circumstances.  Whether or not the case is dismissed, the Debtors will also pursue the resolution of the dispute regarding pre-petition support arrears in family court.

4. Discovery

A Rule 2004 examination of Debtor Alan Wootton was ordered on May 17, 2011.  The Debtors fully complied with the order and the production and examination took place between June 2 and June 10, 2011.

5. Request

The Debtors have moved to dismiss their case.  If dismissal is denied, the Debtors request a 60-day continuance in order to make the contemplated amendments and to provide proper notice to all creditors.

Dated:  July 12, 2011                                       MILLER LEGAL SERVICES


  /s/ Brooke L. Miller
Brooke L. Miller
Attorney for Debtors Alan T. Wootton and
Wendy L. Wootton